A90A1430. HOLLAND v. THE STATE.
(398 SE2d 810)

COOPER, Judge.

Appellant was convicted by a jury of armed robbery and brings this appeal from the denial of his motion for new trial.

At trial, the victim of the robbery testified that during her shift as a night clerk at a motel, appellant first appeared and tried to enter the motel. Finding the door locked, appellant went to the drive-in window, inquired about the price of the rooms, told the victim about a leak in one of the rooms, and then left. Several minutes later, the victim heard part of the window fall to the floor and saw appellant at the window. Upon approaching the window, the victim saw appellant pointing a gun barrel at her and appellant asked her for money. The victim described the type of hat and gloves appellant was wearing and stated that the barrel of the gun was covered with a cloth and appeared to be made of a silver metal. The victim gave appellant the money in the register drawer and when appellant left, the victim looked out the window and saw a car leaving the lot which she described as being an older model, possibly a Chevrolet, green on the bottom and white on the top. A policeman who heard the robbery alert over the radio saw a car fitting this description and pulled it over. The officer testified that the car stopped; appellant looked out the door and sped off. A chase ensued which ended in an accident between appellant's car and a police car. Appellant and his co-defendant were in the car and were arrested at the scene. A cap and gloves fitting the description given by the victim, a silver toy gun, $151.50 in cash and other items were found in the car at the scene. The victim estimated that $150 to $155 was taken in the robbery. The victim identified appellant at trial as the person who robbed her. Appellant and his co-defendant were tried in the same trial; the co-defendant was acquitted and appellant was convicted.

1. Appellant's first enumeration of error states the trial court erred by failing to sever the trials of appellant and his co-defendant. The record reveals that, although the co-defendant made a motion to sever, appellant never joined in this motion or made a motion on his own. Appellant's fourth enumeration raises as error the admission of the items found in the car because the stop was not based on probable cause. A careful review of the transcript reveals that appellant either made or joined in his co-defendant's objection to the introduction of certain evidence on the grounds that there was no connection or relevancy between the items and the testimony adduced at trial.

Never was an objection raised as to the illegality of the stop of the car. These two enumerations were first raised at the hearing on the motion for new trial. " 'Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal.' [Cit.] Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. [Cit.] Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review. [Cit.]" *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297) (1980). See *Pulliam v. State*, 236 Ga. 460, 465 (224 SE2d 8) (1976).

2. Appellant next contends that the trial court erred in denying his motion for a mistrial based on the fact that several members of the jury saw appellant in handcuffs in the hallway to the courtroom as he was being escorted from the public elevators. There is no evidence that appellant appeared or sat in the courtroom itself in handcuffs during the trial. After the verdict was rendered, the jury was polled and those jurors who witnessed appellant in handcuffs stated that this did not in any way affect their decision in the case. " 'This was a matter which addressed itself to the discretion of the trial court. Such a situation is not ground for mistrial.' [Cits.]" *Howard v. State*, 144 Ga. App. 208, 213 (8) (240 SE2d 908) (1977).

3. Appellant asserts that the court erred in denying his motion for new trial because the victim's testimony was unreliable and insufficient to support the conviction. The "any evidence" test is the proper standard to use in reviewing the denial of a motion for a new trial on the general grounds. *Cooksey v. State*, 149 Ga. App. 572 (1) (254 SE2d 892) (1979). At trial, the victim gave a positive identification of appellant as the person who robbed her. It was elicited at trial that she was unable to give such positive identification until trial. Since the weight of the testimony and credibility of the witnesses are questions for the trier of fact, this court considers only the sufficiency of the evidence. *Helms v. State*, 191 Ga. App. 283, 284 (381 SE2d 428) (1989). Considering the victim's testimony, the police officers' testimony, and the evidence admitted at trial, we conclude that there was evidence to support the conviction and the court did not err in denying the motion for new trial.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 6, 1990.

*Wallace D. Washington*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom, As-*

*sistant District Attorney*, for appellee.