## S91A0941. WILLIAMS v. THE STATE.
(409 SE2d 649)

FLETCHER, Justice.

Williams was convicted of possession with intent to distribute cocaine and of escape. For the possession with intent to distribute

charge, he received the mandatory life sentence required by OCGA § 16-13-30 (d) for conviction of a second or subsequent offense listed in subsection (b) of that same Code section.[1] Williams was also sentenced to 12 months on the escape charge, to be served concurrently with the life sentence. Williams appeals and, for the reasons set forth below, we reverse.

1. The evidence showed that 2.7 grams of cocaine and cash in the amount of $874 were found on Williams' person and that Williams ran from the police after they had arrested and handcuffed him on the possession with intent to distribute charge. The evidence was sufficient for a rational trier of fact to have found Williams guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Williams contends that the trial court erred by permitting the state to introduce, as evidence of a similar transaction or occurrence, a certified copy of a previous conviction for possession of cocaine with intent to distribute. We agree and reverse Williams' conviction.

(a) In order to protect an accused and to insure him of a fair and impartial trial before an unbiased jury, we have long embraced the fundamental principle that the general character of an accused is inadmissible unless the accused chooses to put his character in issue. *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). As a corollary of this fundamental principle, we have also long adhered to the rule that where an accused is on trial for the commission of a crime:

> proof of a distinct, independent, and separate offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. . . . *Cox v. State*, 165 Ga. 145 (139 SE 816) (1927).

The rationale for the latter rule is that evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion and thereby putting the accused's character in issue. An accused is:

> entitled to be tried for the offense charged in the indictment, independently of any other offense not connected with the

---

[1] The constitutional challenge which appellant asserts to OCGA § 16-13-30 (d)'s mandatory life sentence was made prior to our decision concerning that same issue in *Stephens v. State*, 261 Ga. 467, 468 (5) (405 SE2d 483) (1991). Jurisdiction in this court was based solely upon that constitutional issue.

transaction upon which the indictment was based. *Cawthon v. State,* 119 Ga. 395, 411 (46 SE 897) (1903).

(b) Therefore, before any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility.[2]

The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Chastain v. State,* 260 Ga. 789, 790-791 (400 SE2d 329) (1991). After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act.[3]

(c) As we held in *Stephens v. State,* 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991), in its presentation to the trier of fact, the state must do more than merely introduce a certified copy of a conviction and/or indictment into evidence. The state must present the trier of fact with evidence establishing both that the accused committed an independent offense or act and that the connection and/or similarity between that offense or act and the crime charged is such that proof that the accused committed the former tends to prove that the accused also committed the latter.

(d) In the present case, the state informed the trial court during the 31.3 (B) hearing that it intended to introduce into evidence a certified copy of a previous conviction of Williams for possession of cocaine with intent to distribute. The state then went on to state in its

---

[2] Some of the purposes which have been deemed appropriate are those which demonstrate that the independent offense or act:

> is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged. *Cawthon,* supra at 409.

See also McCormick on Evidence, § 190 (3d ed. 1984).

[3] This determination by the trial court must be made a part of the record.

643 appears at top

place, for the benefit of the trial court, how the conduct giving rise to the previous conviction was similar to the conduct alleged in the present case. However, the state did not inform the trial court of the purpose for which the evidence was being offered and, therefore, it was impossible for the trial court to make the essential preliminary determination as to whether the state was introducing the evidence for an appropriate purpose.

In its presentation to the jury, the state merely submitted into evidence a certified copy of Williams' previous conviction. While the certified copy may have been enough to establish that Williams committed the independent offense, it did not establish the similarity or connection between that independent offense and the crime charged. Indeed, the state presented no evidence to the jury to establish that similarity or connection. As a result of this error during the trial, as well as the error during the 31.3 (B) hearing, Williams' conviction must be reversed.

3. Williams also contends that the trial court erred by not redacting the portion of the certified copy of the prior conviction which dealt with a separate charge of possession of marijuana before providing a copy of the prior conviction to the jury to consider during its deliberations. However, Williams waived the issue by failing to object to that portion of the prior conviction when it was tendered into evidence.

4. Williams argues that the trial court erred by refusing to grant his motion for mistrial after the district attorney, in his opening statement, said that he "expect[ed] the defense to say, 'Yes, I had the cocaine but it was for my own personal use.' " We agree that the remark was improper and should not have been made. However, the record shows that the trial court sustained Williams' objection to the statement, instructed the state not to pursue the statement further and instructed the jury to disregard the statement. The court also gave the jury curative instructions and the state apologized to the court for having made the remark. Under those circumstances, it was not error for the court to refuse to grant a mistrial.

5. Williams' argument concerning the constitutionality of the mandatory life sentence imposed by OCGA § 16-13-30 (d) was decided adversely to him by this court in *Stephens v. State*, supra.

6. Williams' remaining enumeration is without merit.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents as to Division 2 and the judgment.*

DECIDED NOVEMBER 1, 1991.

*Summer & Summer, Daniel A. Summer,* for appellant.

*C. Andrew Fuller, District Attorney, Edward R. Collier, Assistant District Attorney,* for appellee.