### A92A0821. HANSEN v. THE STATE.
(423 SE2d 273)

BEASLEY, Judge.

A jury found Hansen guilty of possession of alcohol by an underage person, OCGA § 3-3-23, and driving under the influence of alcohol with a blood-alcohol concentration of 0.12 grams, former OCGA § 40-6-391 (a) (4). It found him not guilty of driving under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1).

The police were summoned and Hansen arrested after witnesses

at a service station between midnight and 1:00 a.m. observed Hansen's vehicle "flying off" the street into the station parking lot, nearing a building. The car instead hit and bounced off the curb, flattening a tire. Hansen appeared to "be kind of glassy-eyed" with a "blank look" and seemed to fall down several times as he was changing the tire. He also appeared to have some injuries on his face. He exhibited signs of intoxication to the summoned officer and failed several field sobriety tests.

At trial, Hansen stipulated that at the request of the officer who stopped him, he submitted to a lawfully performed breath test resulting in a blood-alcohol reading of 0.20 grams. He did not dispute that he had been drinking alcohol prior to driving and that he was then under the lawful drinking age.

Hansen's defense was that he was justified in or coerced into driving his car because he was fleeing the scene of an altercation in which he feared for his life. He claimed: After a baseball game, he drove to a pub to shoot pool, had a couple of beers and there met a man named "Kojak." Hansen intended to call a cab for home but "Kojak" offered to drive Hansen home in Hansen's car. The two stopped at a liquor store, "Kojak" purchased a bottle of liquor, and Hansen drank some. They then headed to a house where they stayed on the porch. Once there, the man "went crazy," began hitting Hansen, robbed him, and told Hansen he was going to kill him. Hansen noticed a gun on the porch, "Kojak" went to get it, and Hansen fled to his car to get away believing he would otherwise be shot.

The State produced evidence that Hansen drove past several exits on the interstate, for five or six miles, before exiting even though he did not see anyone chasing him. Hansen mentioned to the officer that he had been in a fight but did not speak of a gun or a robbery. He told the officer he was "doing all right and had been drinking at the baseball game. Hansen later related to his mother that he and not "Kojak" drove from the pub.

1. Hansen contends the trial court erred in admitting evidence of two prior DUIs. He maintains that the first, occurring on September 2, 1988, and in which his blood-alcohol level was .10, was inadmissible because it resulted in a plea of nolo contendere, and that both it and the second one, occurring on February 17, 1990, and in which his blood-alcohol level was .14, were inadmissible because of lack of similarity to the incident on trial.

*Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649) (1991), established "a procedure which requires that before any evidence of independent offenses may be admitted in evidence, a hearing must be held pursuant to USCR 31.3 (B) at which the State makes three affirmative showings. 'The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act,

not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. (Cit.) After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular offense or act.' (footnotes omitted.) [Cit.]" *Weems v. State*, 204 Ga. App. 352 (419 SE2d 346) (1992). See also *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991); *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952).

The State gave notice of its intention to introduce evidence of the two earlier offenses. Its express purpose for introducing the evidence was to show the defendant's motive, bent of mind, and propensity for committing the same type of offense. It was to show, as the court noted, that Hansen engaged in this type of conduct, i.e., driving after drinking alcohol without exigent circumstances, so as to discredit his version, that he would not have driven without the perceived threat to his safety. There was a legitimate purpose for the other-crimes evidence.

There was no dispute that Hansen was the perpetrator of the earlier offenses. As to similarity of both independent offenses to the incident on trial, the State offered in hearing outside the jury's presence that Hansen was underage and intoxicated by alcohol; he submitted to breath tests on all three occasions; in two instances he was driving the same vehicle; one prior offense was in the same county as the one on trial and the other was in an adjacent county; in each instance, Hansen was traveling on a major north/south highway; all three DUIs occurred on the weekend in the late night or early morning hours.

The court's only concern was the admission of evidence of the nolo contendere plea to the first offense. After the court indicated its ruling, Hansen's counsel suggested that the jury be given the other-crimes evidence by stipulation. The State agreed and the court told the jury: "A stipulation is an agreement as to the existence or nonexistence of certain facts. Once I tell you what these stipulations are, you accept those stipulations as being true without the necessity for any additional evidence. You are to treat the stipulations as evidence of the facts which have been stipulated.

"The parties have agreed that on September 2nd, 1988, the Defendant, David Scott Hansen, operated a motor vehicle in Clayton County on a highway at a time when he was under the influence of

alcohol and that a test of his breath indicated that he had point one zero (.10) grams per cubic centimeter concentration of alcohol in his blood, and that that event occurred at 10:50 p.m.

"The parties have also stipulated that on February 17th of 1990, at 3:56 a.m. in Henry County, Georgia, the Defendant, David Scott Hansen, operated a motor vehicle upon the highways of the State of Georgia at a time when he was under the influence of alcohol and that a test of his breath resulted in the result of point one four (.14) grams per cubic centimeter blood alcohol concentration."

While reserving his objection to the admissibility of the evidence on the bases now urged, defense counsel accepted the given stipulations as accurate. The court instructed the jury that the defendant was not on trial for the stipulated incidents, that it could consider the evidence to the extent that it found it to be illustrative of the defendant's bent of mind, course of conduct, motive, scheme or design, if it so found, and that it could not consider the evidence for any other purpose.

First, any procedural defects in proof or presentation of the other-crimes evidence have been waived not only by defendant's failure to object at trial and his suggestion and stipulation of the procedure used but by his failure to raise any such issue on appeal. Likewise, neither below nor here did defendant object to the court's limiting instruction. See *Stephens* and *Williams*, supra, on the presentation of other-transaction evidence. See also *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991), on the necessity to preserve objection as to other-transaction evidence.

Second, the first incident is not inadmissible because it culminated in a nolo contendere plea. OCGA § 17-7-95 (c) is not violated by introducing a prior similar transaction resulting in such a plea as long as there is no reference to the plea. *Proulx v. State*, 196 Ga. App. 303 (1) (395 SE2d 668) (1990) (physical precedent). It is the commission of the act, not the criminal disposition, which is at issue. The protection given the plea is not jeopardized, because the plea is not drawn into the jury's ken.

Lastly, under the particular circumstances of this case, and considering the nature of the crime itself, the prior occurrences were shown to be sufficiently similar, for the purposes for which they were admitted.

The enumeration is without merit.

2. Hansen also contends that the trial court erred in charging the jury on the elements of proof of the DUI counts "without adding the element of proof beyond a reasonable doubt that the defendant was not coerced or was not justified in committing acts."

Although the court did not instruct the jury in the language and sequence now urged, it instructed on the defendant's affirmative de-

fenses of justification or coercion and that the burden was on the State to disprove such affirmative defenses beyond a reasonable doubt. The charge considered as a whole, *Myers v. State*, 260 Ga. 412, 413 (2) (395 SE2d 811) (1990), was not misleading and clearly apprised the jury of the State's burden in this regard.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 — ■

*Sexton, Moody & Renehan, Lee Sexton,* for appellant.
*Keith C. Martin, Solicitor, Leigh A. Moore, Assistant Solicitor,* for appellee.