A92A2214. MOORE v. THE STATE.
(429 SE2d 340)

BIRDSONG, Presiding Judge.
Willie Moore appeals his conviction for aggravated assault. The crime involved the slashing and beating assault of Moore's girl friend,

after Moore had waited for her outside her apartment for about seven hours. Appellant and the victim had quarrelled over her intention to take her long-time friend, a male beautician, to a wedding. After returning from the wedding at about 4:00 a.m., the victim was severely slashed with a razor or a knife on her buttocks, ankle, back and breast. These cuts were up to 20 centimeters long and were deep. The victim managed to flee to a bathroom and wedged the door shut; appellant tried to come into the bathroom but was finally ejected from the apartment by the victim's friend. The victim did not know she was badly cut until she found herself sitting in a puddle of blood. On appeal, appellant enumerates three alleged errors. *Held*:

1. Appellant contends the trial court improperly admitted, as a similar transaction, evidence that appellant had murdered his wife or common-law wife in 1977 and was convicted of the crime. He contends the evidence had no similarities to this case because, e.g., the murder took place in another county and in another year, and upon his wife with whom he had children whereas this victim was only a casual lover; prior to killing his wife he had sat on a neighbor's porch most of the day with a shotgun and announced he was going to kill his wife whereas he made no such announcement in this case; he killed his wife in her yard whereas this victim was assaulted in her apartment; and he killed his wife at about 6:15 p.m. whereas this victim was assaulted at about 4:00 a.m.

Such superficial "dissimilarities" do not destroy the basis for admitting this evidence as a similar transaction. There was evidence that appellant told the victim's friend that she was his wife and appellant testified that he hoped to marry her. In each case, appellant stalked a woman with whom he was sexually and emotionally involved, obviously with the intent to do violent injury with a deadly weapon. That this victim was not murdered on account of her timely escape does not make this attack dissimilar. The length of time between the 1976 murder and this assault is not significant inasmuch as appellant was in prison for more than 13 years of the 14-year interim. Nor are the incidents dissimilar merely because the murder was committed with one type of deadly weapon while this assault was committed with another type of deadly weapon. The evidence of the murder of his wife was relevant as it tended to prove appellant's disposition and bent of mind toward resolving disputes or troubled emotions by stalking and doing violent injury to his female partner. The trial court did not abuse its discretion in admitting this evidence under the standards for admitting evidence of similar transactions. See *Williams v. State*, 261 Ga. 640 (409 SE2d 649); *Cridiso v. State*, 200 Ga. App. 342 (2) (408 SE2d 153). Any issue as to whether the trial court made the proper findings of fact before admitting this evidence under *Williams*, supra (see *Carter v. State*, 205 Ga. App. 885, 886-887 (424 SE2d 81)),

has been waived by failure to raise such issue on appeal. *Hansen v. State*, 205 Ga. App. 604, 607 (1) (423 SE2d 273). In any case, we will not reverse this verdict on such account because the evidence was properly admitted in fact.

2. Appellant claims he had ineffective assistance of trial counsel.

Appellant complains that counsel improperly refused curative instructions as to the victim's statement that appellant wanted her to testify that someone else attacked her so he would not have to go "back to prison," which appellant contends placed his character in evidence. However, evidence of his having been to prison for the murder of his wife was properly admitted, so a reference to appellant's going "back to prison" is merely cumulative of evidence properly admitted, and harmless as a matter of fact. Moreover, appellant himself testified that he would not touch a razor or knife as he had spent 13½ years in prison and had seen many people get killed.

Secondly, appellant contends counsel was ineffective for failing to ask for a mistrial when a detective testified that in her opinion appellant's statement was voluntarily given, and when counsel's objection that this went to the "ultimate issue" was overruled. We conclude, however, that if counsel had asked for a mistrial (*Barksdale v. State*, 161 Ga. App. 155, 158 (4) (291 SE2d 18)) he would not have been entitled to one. The detective's opinion that appellant's statement was voluntary was not prejudicial to appellant, for his statement was not an admission of guilt; it was to the same effect as his testimony at trial, which was that the victim's friend was the one who assaulted her, and its substance was consistent with his defense.

Thirdly, appellant contends that there were "unanswered questions" about appellant's health, that he suffers from an epileptic condition and had fallen during trial but his counsel failed to ask for a continuance or a mistrial. However, by order of the court, appellant was earlier taken to the hospital for examination and was released; the doctors deemed appellant fit for trial and released him from the hospital with medication. There is no indication that appellant's ability to assist his counsel was impaired, and the trial court found that he was not impaired. Other evidence showed appellant seemed strong, alert and capable of expressing himself mentally and physically, except when he fell to the floor at a stressful moment at trial. The trial court allowed appellant every indulgence, including two continuances. We therefore do not find that trial counsel was constitutionally deficient for failing to ask for a third continuance or mistrial. In any case, we fail to see how appellant's falling on the floor would have predisposed the jury against him on the question of his guilt of aggravated assault.

3. Appellant contends the trial court improperly shifted the burden of proof to appellant in its charge that the jury's duty was to

determine appellant's "guilt or innocence." We have held, however, that one accused of a crime " ' "is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial. . . ." ' *Holbrook v. Flynn*, 475 U. S. 560, 567 (106 SC 1340, 89 LE2d 525)." *Mapp v. State*, 197 Ga. App. 7 (397 SE2d 476). Moreover, the trial court fully charged the jury on the State's burden to prove guilt beyond a reasonable doubt; read and considered as a whole, the charge was not error. See *Williams v. State*, 201 Ga. App. 384 (2) (411 SE2d 316). On its face, the charge refers to the jury's duty to determine the defendant's guilt or innocence, and not to who bears the burden of proof. This enumeration is without merit.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 17, 1993.

*Michael Mears*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.