A92A2067. RIDDLE v. THE STATE.
(430 SE2d 153)

POPE, Chief Judge.

Defendant Johnny T. Riddle appeals his conviction for two counts of sexual battery, two counts of child molestation, and two counts of contributing to the delinquency of a minor.

1. Defendant argues the trial court erred in allowing the introduction of evidence of similar transactions without notice to the defendant or a pretrial hearing and by denying defendant's motion for

mistrial based upon this evidence.

(a) In this enumeration defendant initially contends the trial court committed reversible error by allowing the State's first witness, the grandmother of two of defendant's alleged victims, to give certain testimony. The witness was asked if, prior to her grandson's telling her about what the defendant had allegedly done to him, she had any reason to suspect anything "was going on" between her grandson and defendant. She replied: "Yes, I did. About six months prior to that [my grandson] was telling me that [defendant] had taken him to the store, and they were on their way home from the store and that Johnny had him rub him." .

At that point, defendant objected and the jury was sent to the jury room. Defendant objected on the basis that he had not been served with notice of similar transactions concerning that alleged victim and moved for a mistrial on the basis that his character had been placed in issue. The trial court denied the defendant's motion for a mistrial, called back the jury and instructed the jury not to consider the witness' last statement.

We hold that this issue is controlled by our decision in *Garrett v. State*, 188 Ga. App. 176 (1, 2) (372 SE2d 506) (1988). In this case, as in *Garrett*, "the date alleged in the indictment was not an essential averment, [and] evidence of similar acts occurring within the statute of limitation was evidence of the crime charged and did not fall within the ambit of the rule relating to notice of the State's intention to present evidence of similar transactions." Id. at 177 (2). The count of the indictment charging defendant with child molestation of this particular victim stated that on or about October 25, 1990, defendant "[forced D. R.] to perform masturbation on him, said child being under 14 years of age, with intent to arouse and satisfy the sexual desires of said accused." The similar offense about which defendant complains allegedly occurred in the same manner as the offense giving rise to defendant's indictment for child molestation of this same child at a later time. The cases relied upon by defendant are inapplicable to this case because in those cases this court refused to allow testimony of an allegedly similar offense against the same victim when the allegedly similar offense was committed in a different manner than the offense giving rise to the indictment. See *Dempsey v. State*, 197 Ga. App. 674 (1) (399 SE2d 239) (1990); *Story v. State*, 196 Ga. App. 590, 591 (396 SE2d 547) (1990). Thus, the trial court did not err in denying defendant's motion for mistrial.

(b) In this same enumeration of error, defendant argues the trial court erred by allowing the State to present evidence of a similar transaction of which the State had given the defendant notice, because a hearing was not held pursuant to Uniform Superior Court Rule 31.3 (B) before that evidence was admitted. Uniform Superior

Court Rule 31.3 (B) and our Supreme Court's decision in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) mandate that a hearing be held before evidence of a similar transaction is admissible at trial. At that hearing the State must make three affirmative showings: (1) it seeks to introduce evidence of an independent offense or act for an appropriate purpose; (2) there is sufficient evidence to establish the accused committed the independent offense or act; and (3) there is a sufficient similarity between the independent offense or act and the crime charged so that the proof of the former tends to prove the latter. *Williams*, 261 Ga. at 642. "After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act." Id.

This court has held, however, in cases in which a Rule 31.3 (B) hearing was held, that the failure of a defendant to object to the introduction of similar transaction evidence on the basis that the State has not made a sufficient showing and/or the trial court has not made the requisite findings as required by Rule 31.3 (B) and our Supreme Court's decision in. *Williams* precludes appellate consideration of those issues. See, e.g., *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991) (holding "nothing in . . . *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. If the argument that appellant advances in his brief had been raised in the form of an objection in the trial court, it is possible that . . . *Williams* might warrant a reversal of appellant's conviction. In the absence of such an objection, however, any discussion of . . . *Williams* in the instant case is inappropriate."). See also *McGaha v. State*, 204 Ga. App. 248 (418 SE2d 802) (1992); *Shields v. State*, 202 Ga. App. 659 (2) (415 SE2d 478) (1992).

We must now consider whether the same rule applies if the error alleged on appeal is that *no hearing was held* prior to the introduction of the similar transaction evidence, and defendant fails to object to the introduction of the evidence on that basis. Rule 31.3 contemplates that *the State* will bring to the trial court's attention its intent to present evidence of a similar transaction, *the trial court* will conduct the requisite hearing at an appropriate time, and *the State* will have "[t]he burden of proving that the evidence of similar transactions or occurrences should be admitted." At trial *the State* shall only present evidence of similar transactions specifically approved by *the trial court*. As our Supreme Court stated in *Williams* "before any evidence of independent offenses or acts may be admitted into evidence, a hearing *must* be held pursuant to . . . Rule 31.3 (B)." (Emphasis

supplied.) *Williams*, 261 Ga. at 642 (2) (b). Thus, the burden of conducting the requisite hearing before similar transaction evidence can be admitted at trial is placed squarely with the State and the trial court; defendant bears no burden to initiate this procedure. Accordingly, we hold the defendant's failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver of the procedure dictated by Rule 31.3 (B) and does not preclude our consideration of this issue on appeal. Because the similar transaction evidence in this case was erroneously admitted without the trial court's conducting a hearing to determine the admissibility of this evidence, and inasmuch as the admission of this evidence was not, under the facts of this case, harmless error, defendant's conviction must be reversed and a new trial granted.

2. We will also address other enumerations of error that are capable of repetition on retrial. Defendant argues the trial court erred by allowing a witness to testify that the victim told her defendant also had sexual contact with his sister. Contrary to the State's contention otherwise, the defendant's objection was sufficient to invoke OCGA § 24-3-16, the Child Hearsay Statute. We hold that statements made by the victim to the witness about sexual contact between defendant and another child is not admissible evidence under the Child Hearsay Statute. That statute provides: "A statement made by a child under the age of 14 years describing *any act of sexual contact or physical abuse performed with or on the child by another* is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." (Emphasis supplied.) OCGA § 24-3-16. That statute provides an exception to the hearsay rule only for statements concerning acts of sexual conduct or physical abuse performed on the child making the statement. Statements concerning such acts on other children are not admissible under this exception to the rule prohibiting the admission of hearsay evidence. Nor do we find this testimony was admissible under any other exception to the hearsay rule. See generally *Shaver v. State*, 199 Ga. App. 428 (1) (405 SE2d 281) (1991).

The State's reliance on *Mantooth v. State*, 197 Ga. App. 797 (399 SE2d 505) (1990) is misplaced. In that case, the defendant was charged with molesting two different children. One child was allowed to testify at trial about her eyewitness observation of the defendant's molestation of the other child. By contrast, although the victim in this case testified at trial, he did not testify about what he observed the defendant do to his sister. It was thus error to permit hearsay testimony concerning the victim's out-of-court statements concerning the defendant's molestation of the victim's sister.

Defendant further alleges in this same enumeration of error that the trial court violated his right to confrontation by failing to call the victim's sister as a witness. Because we have held the testimony concerning defendant's sexual contact with the victim's sister is inadmissible hearsay, it is unnecessary to address this contention.

3. We have considered defendant's remaining enumerations of error and either find them to be without merit or unlikely to recur upon retrial.

*Judgment reversed. Johnson, J., and Justice George H. Carley concur.*

DECIDED MARCH 18, 1993.

*Hill & Henry, W. Ralph Hill, Jr.,* for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Mary J. Palumbo, Assistant District Attorney,* for appellee.