A92A2046. CAVENDER v. THE STATE.
(429 SE2d 711)

POPE, Chief Judge.

Defendant Randall James Cavender was convicted of three counts of aggravated assault and appeals.

1. Defendant first contends that the trial court erred in denying his motion for new trial on the basis that the verdict was contrary to the evidence. Specifically, defendant argues that the evidence does not support his conviction for the aggravated assault of both Keith Coleman and Officer William Grizzard because the evidence shows he fired only one shot at the vehicle in which Coleman and Officer Grizzard were riding.

The evidence adduced at trial shows that the charges against defendant arose out of a domestic dispute. Defendant admitted pushing his wife to the ground, and kicking and tripping her. At some point defendant's wife managed to escape to a neighbor's house where she called police. Officer William Grizzard responded to the call. Keith Coleman, a civilian, was riding as a passenger in the car with Officer Grizzard. Both Officer Grizzard and Coleman testified that defendant pointed a shotgun directly at the police vehicle in which they were riding and fired, striking the windshield of the vehicle. According to Officer Grizzard and Coleman, the defendant was approximately 40 to 50 feet away from the vehicle when he fired at the patrol car. Coleman testified that defendant's actions in firing at the car placed him

in fear of receiving bodily injury and Officer Grizzard testified that he felt like his life was in danger. Under these facts, we find the firing of a single shotgun blast at a car containing two persons in the front seat of the car authorized defendant's conviction for the offense of aggravated assault as to both individuals. See *Heard v. State*, 204 Ga. App. 757 (2) (420 SE2d 639) (1992); see also *Steele v. State*, 196 Ga. App. 330 (2) (396 SE2d 4) (1990). Consequently, this enumeration of error is without merit.

2. Defendant next contends the trial court erred by allowing the State to introduce evidence of similar transactions (prior assaults on his wife) because a hearing was not held pursuant to Uniform Superior Court Rule 31.3 (B) before that evidence was admitted. "Uniform Superior Court Rule 31.3 (B) and our Supreme Court's decision in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) mandate that a hearing be held before evidence of a similar transaction is admissible at trial. At that hearing the State must make three affirmative showings: (1) it seeks to introduce evidence of an independent offense or act for an appropriate purpose; (2) there is sufficient evidence to establish the accused committed the independent offense or act; and (3) there is a sufficient similarity between the independent offense or act and the crime charged so that the proof of the former tends to prove the latter. *Williams*, 261 Ga. at 642. 'After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act.' Id.

"This court has held, however, in cases in which a Rule 31.3 (B) hearing was held, that the failure of a defendant to object to the introduction of similar transaction evidence on the basis that the State has not made a sufficient showing and/or the trial court has not made the requisite findings as required by Rule 31.3 (B) and our Supreme Court's decision in *Williams* precludes appellate consideration of those issues. See, e.g., *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991) (holding 'nothing in . . . *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. If the argument that appellant advances in his brief had been raised in the form of an objection in the trial court, it is possible that . . . *Williams* might warrant a reversal of appellant's conviction. In the absence of such an objection, however, any discussion of . . . *Williams* in the instant case is inappropriate.'). See also *McGaha v. State*, 204 Ga. App. 248 (418 SE2d 802) (1992); *Shields v. State*, 202 Ga. App. 659 (2) (415 SE2d 478) (1992).

"We must now consider whether the same rule applies if the error alleged on appeal is that *no hearing was held* prior to the introduction of the similar transaction evidence, and defendant fails to object to the introduction of the evidence on that basis. Rule 31.3 contemplates that *the State* will bring to the trial court's attention its intent to present evidence of a similar transaction, *the trial court* will conduct the requisite hearing at an appropriate time, and *the State* will have '(t)he burden of proving that the evidence of similar transactions or occurrences should be admitted.' At trial *the State* shall only present evidence of similar transactions specifically approved by *the trial court.* As our Supreme Court stated in *Williams* 'before any evidence of independent offenses or acts may be admitted into evidence, a hearing *must* be held pursuant to . . . Rule 31.3 (B).' (Emphasis supplied.) *Williams*, 261 Ga. at 642 (2) (b). Thus, the burden of conducting the requisite hearing before similar transaction evidence can be admitted at trial is placed squarely with the State and the trial court; defendant bears no burden to initiate this procedure. Accordingly, we hold the defendant's failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver of the procedure dictated by Rule 31.3 (B) and does not preclude our consideration of this issue on appeal." *Riddle v. State*, 208 Ga. App. 8, 9 (1) (b) (430 SE2d 153) (1993).

Although the similar transaction evidence was erroneously admitted because the trial court did not first conduct a hearing to determine the admissibility of this evidence, we must also determine whether, under the facts of this case, the admission of this evidence was harmless error. The record shows the defendant testified and admitted he committed an aggravated assault on his wife by pushing, kicking, and tripping her. Thus " 'error, if any, in the admission of [prior difficulties between the couple] would "not mandate a reversal because it is highly probable that that error did not contribute to the guilty verdict [with respect to that charge]. (Cit.)" (Cit.)' *Johnson v. State*, 204 Ga. App. 246 (4) (419 SE2d 107) (1992)." *Wheat v. State*, 205 Ga. App. 388, 389 (2) (422 SE2d 559) (1992).

3. Lastly defendant contends that the trial court erred in refusing to charge the offense of battery, OCGA § 16-5-23.1, as a lesser included offense of the aggravated assault of his wife. As to this issue, the transcript and record show defendant orally requested that the jury be charged on battery and simple battery. The trial court declined to charge on the offense of battery, but agreed to charge the lesser included offense of simple battery. Defendant's counsel seemed to acquiesce in this ruling, stating to the court "Your Honor, what we discussed with reference to battery, everything will be okay. We will accept that." However, after the court charged the jury, counsel ob-

jected to the charge and reasserted the contention that the jury should have been instructed on the offense of battery as well as the offense of simple battery.

Pretermitting whether, as the State contends, defendant's initial acquiescence resulted in waiver of the error asserted, we find no error in the trial court's refusal to charge on the offense of battery as a lesser included offense of the crime of aggravated assault. As has been repeatedly held by the appellate courts of this state, "[a] trial judge never errs in failing to include a charge on a lesser included offense unless there is a written request to charge." *Mosley v. State*, 257 Ga. 382, 383 (2) (359 SE2d 653) (1987); *French v. State*, 199 Ga. App. 873 (1) (406 SE2d 526) (1991); *Givens v. State*, 199 Ga. App. 845 (1) (406 SE2d 272) (1991). Consequently, this enumeration is without merit.

*Judgment affirmed. Johnson, J., and Justice George H. Carley concur.*

DECIDED MARCH 19, 1993.

*Alfred F. Zachry*, for appellant.

*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney*, for appellee.