## A93A0887. ROSS v. THE STATE.
(436 SE2d 496)

BIRDSONG, Presiding Judge.

Onslow Ross appeals his conviction for possession of a controlled substance with intent to distribute, and his sentence imposed under OCGA § 17-10-7.

While appellant was an inmate at Bibb County Law Enforcement

Center (LEC) on trusty status, he was twice taken to the dentist for teeth extractions. The first time, the dentist gave appellant a prescription for twelve 100 mg. Demerol tablets; on the second visit, he was given a prescription for twelve 50 mg. Demerol, to be taken every four hours. According to the LEC nurse, each pill was dispensed to appellant at the time it was to be taken. The nurse testified she did not give appellant any pills to be taken later and did not know whether appellant "palmed" the pills. An officer testified that on July 30, 1991, another inmate who was a confidential informant told him appellant was selling 50 mg. Demerol pills to inmates. A "buy" was set up in which the informant would buy Demerol. Appellant and the informant met and when the informant gave the "take-down" signal, the officers stopped appellant. The arrest was planned to take place before an actual exchange to prevent destruction of evidence. Appellant was carrying in his hand a pouch containing a writing pad. Two Demerol tablets in tissue paper had been pushed up into the spine of the pad so they would not fall out. The officer testified the arrest occurred at 5:30 p.m. Officers then searched appellant's locker but found no more controlled substance.

Appellant denied trying to sell any pills and testified the nurse had given him two pills to take at 4:00 p.m. and 8:00 p.m.; that when he dropped the pills in the pouch he did not take time to see where they fell; and that the arrest occurred at 3:50, so he had not had a chance to take the first pill at 4:00.

Another inmate testified that prior to this event appellant had sold him some 100 mg. Demerol pills. *Held*:

1. Appellant urges error on the admission of the officer's testimony that a confidential informant, who never testified, had told him appellant was selling drugs in the jail, and that the informant set up a "buy." This was not error in the facts of this case.

Such evidence is inadmissible hearsay when used to prove the truth of the matter asserted therein (see *Momon v. State*, 249 Ga. 865 (294 SE2d 482); *Anderson v. State*, 247 Ga. 397 (276 SE2d 603); *Osborne v. State*, 193 Ga. App. 276 (387 SE2d 383)); but in rare instances, conduct of an investigating officer needs to be explained. See *Teague v. State*, 252 Ga. 534, 535 (314 SE2d 910). Otherwise a jury may be unable to assess the evidence fairly and may find police behavior so inexplicable, highhanded, or even illegal, as to cast unwarranted doubt on the prosecution. See *Hart v. State*, 174 Ga. App. 134, 136 (329 SE2d 178). This is such a case. Without the officer's explanation as to information he received from an informant, it could not be easily understood why the officers stopped and arrested appellant and why they did not wait until the sale was consummated but stopped him before he had taken any pills out of his note pad. Moreover, the contraband was a controlled substance for which he was given a pre-

scription, and he may have explained his possession of it but for the fact that the officers found the pills pushed into the spine of his note pad; this discovery was made possible only by the arrest of appellant before he removed the pills to sell them. As there was no warrant or other witness to this incident, the officers' actions in stopping appellant before the exchange occurred could not be explained without reference to information received by the informant. We have admitted such essential evidence in other cases. See *Evans v. State*, 201 Ga. App. 20, 26 (410 SE2d 146); *Goldsby v. State*, 186 Ga. App. 180 (367 SE2d 84); *Hart*, supra.

2. In his second enumeration, appellant contends the trial court erred in "permit[ting] testimony asserting prior acts with which appellant was never charged." Appellant is referring to the testimony of another inmate that appellant had sold him 100 mg. Demerol pills. Trial counsel objected to this evidence on grounds that appellant had not been charged with that offense. The trial court expressed concern that appellant was not charged with this offense, but admitted the evidence to show his intent to sell Demerol.

This evidence was not objectionable on grounds that appellant was not charged with a crime for that act. See *Randolph v. State*, 198 Ga. App. 291, 292 (2) (401 SE2d 310). It was evidence of a "similar transaction." The State was required to give notice of its intent to introduce it. *Jackson v. State*, 198 Ga. App. 447 (402 SE2d 279). The trial court was required to hold a hearing pursuant to USCR 31.3 (B) at which the State was required to show affirmatively three things: that it did not seek to introduce evidence of the independent act so as to raise an improper inference as to the accused's character; that there is sufficient evidence to establish that the accused committed the other act; and that there is a sufficient connection or similarity between the other act and the crime charged so that proof of the former tends to prove the latter. The trial court was required to find affirmatively that these showings were satisfactorily made by the State. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649).

At trial appellant objected only that he had not been charged with a crime for selling 100 mg. Demerol tablets. He did not object at trial that the State did not give him notice of intent to introduce the evidence, or that a hearing under USCR 31.3 (B) was not held, or that the trial court did not make the required findings before admitting the evidence. See *Williams*, supra. Neither did appellant raise these points in this appeal.

We recently have held that an appellant's "failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver of the procedure dictated by Rule 31.3 (B) and does not preclude our consideration of this issue on appeal." *Riddle v. State*, 208 Ga. App.

8, 11 (430 SE2d 153). Where admission of the evidence was harmful, the failure to hold a Rule 31.3 (B) hearing requires a reversal of the conviction. Id. Compare *Cavender v. State*, 208 Ga. App. 61, 63 (429 SE2d 711), finding the error harmless.

In *Riddle* and *Cavender*, these issues were raised on appeal by enumeration and argument. In this case, appellant's complete failure to object at trial and his complete failure to raise these issues on appeal preclude us from addressing the issues on appeal. *Moore v. State*, 207 Ga. App. 897, 898-899 (429 SE2d 340). "[A]ny procedural defects in proof or presentation of the [similar transaction] evidence have been waived not only by defendant's failure to object at trial . . . but by his failure to raise any such issue on appeal." *Hansen v. State*, 205 Ga. App. 604, 607 (423 SE2d 273). Further, the evidence that appellant had sold 100 mg. Demerol pills, which he had gotten by prescription, to another prison inmate was admissible on its merits as a "similar transaction," for it tends to prove appellant's intent to sell 50 mg. Demerol pills to a prison inmate, as charged; since it was admissible on its merits we will not reverse the conviction. *Moore*, supra. Finally, any error could not have been harmful for having deprived appellant of a fair trial before the jury, because the evidence was admissible on its merits. See *Cavender*, supra.

3. The evidence in the case is sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant contends he was improperly sentenced. We agree, but not for the reasons he advances. Appellant contends he had previously pled guilty to four single-count indictments on the same day and received concurrent sentences on the four indictments, and that these convictions constituted one conviction for purposes of sentencing under the felony recidivist statute, OCGA § 17-10-7. However, he contends the trial court counted each sentence separately. OCGA § 17-10-7 (c) provides that for purposes of recidivist sentencing under that statute, conviction of two or more crimes charged in two or more indictments or accusations "consolidated for trial" shall be deemed to be only one conviction. As these pleas were entered on the same day, we shall assume they were entered at the same time, for it does not appear otherwise.

The sentence is defective because the State did not give notice of intent to use these prior offenses in aggravation of punishment for this offense, as required by OCGA § 17-10-2 (a). Although it is not essential that the indictment set forth the prior offenses, if the indictment does not set forth prior offenses it is necessary that the record contain an "*affirmative* notice to defendant that his prior felony offenses would be used against him for *recidivist purposes* during sen-

tencing." *State v. Freeman*, 198 Ga. App. 553, 556-557 (402 SE2d 529); see *Favors v. State*, 182 Ga. App. 179 (1) (355 SE2d 109). Although the State in argument commented that "defendant was served with notice of his habitual offender status," no such "affirmative notice" appears in the record. Moreover, the prosecutor's statement does not necessarily mean the State gave notice of intent to use those prior offenses in aggravation of punishment for this offense. The absence of proof of affirmative notice of the State's intent to use those convictions for punishment is a defect fatal to maximum felony sentencing. *Freeman*, supra; see OCGA § 17-10-2. The sentence is vacated and the case remanded for proceedings not inconsistent with OCGA §§ 17-10-7 (c) and 17-10-2 (a).

*Judgment affirmed and sentence vacated; case remanded. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 20, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.
*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney*, for appellee.