## A93A0987. COLE v. THE STATE.
### (438 SE2d 694)

Pope, Chief Judge.

The defendant, David Cole, was convicted of rape, aggravated assault, and false imprisonment. His sole contention on appeal is that the trial court erred in admitting evidence of a similar transaction.

Cole and the victim were married in February 1987, separated in September 1990, and divorced in May 1991. The victim testified that on January 16, 1991, after taking one of their children to a doctor, Cole confronted her outside the doctor's office and forced her into his car, wielding a .44 Magnum pistol. Cole also had a shotgun on the floorboard of his car. He then drove to a fast food restaurant, bought some food, and took the victim and their child to his mother's residence.

The victim further testified that Cole demanded that his mother take the child somewhere else, and then forced the victim into the back bedroom, where he removed her clothing at gunpoint. Cole instructed the victim to kill herself by taking an overdose of pills, or else he would shoot her, but she refused. Cole then forced the victim to have sexual intercourse with him, while he held the gun in his hand. Afterwards, he instructed her to take a shower in an attempt to remove any evidence of the sexual attack.

The victim eventually persuaded Cole that a reconciliation was possible, and when his mother returned with the child, Cole drove the victim and their child back to her car in the doctor's parking lot. The victim subsequently reported the incident to the Lee County Sheriff's Department.

Cole testified to a different version of events at trial. According to Cole he met his estranged wife in the parking lot of the doctor's office, and requested her to have lunch and talk with him. After picking up some food, he drove his wife and child to his mother's residence, where they ate and talked. When his mother eventually arrived, Cole requested that she take the child somewhere else so that he and his wife could converse privately. Cole and his wife then continued to discuss matters, and subsequently retreated to the bedroom where they engaged in consensual sexual intercourse. Afterwards, his wife took a shower and redressed. When his mother returned with the child, Cole drove them back to the parking lot at the doctor's office.

After a hearing to determine its admissibility, the State also presented evidence of a prior similar offense. According to the testimony presented at trial, in 1986 or 1987 Cole forced his girl friend, with whom he was then living, into the bedroom of their residence and then forced her to have sex with him against her will. The witness testified she never reported the matter, and explained that she did not go to the police because she did not think she would be be-

lieved because Cole was also a police officer. She also acknowledged that she continued to live with Cole for approximately one-and-one-half months after the incident.

In his brief to this court Cole argues that the trial court erred in admitting evidence of a prior similar offense because the witness' testimony concerning the incident was so incredible and unbelievable that the State failed to prove that a prior crime in fact occurred and because the State failed to show the offenses were sufficiently similar. As to Cole's first contention, as the trial court noted, the credibility of the witnesses is for the jury to determine and the record reveals that the trial court instructed the jury accordingly. We also find no merit to Cole's contention concerning the dissimilarity of the offenses. " ' "The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." (Cit.)' *Stine v. State*, 199 Ga. App. 898, 899 (2) (406 SE2d 292) (1991). We agree with the trial court that a sufficient similarity [and/or logical connection] existed between the crime charged and the other rape[ ], such that proof of the latter tended to prove[ ] the former. Thus, the trial court did not err in allowing the similar transaction evidence." *McCann v. State*, 203 Ga. App. 880, 883 (3) (418 SE2d 144) (1992). See also *Wells v. State*, 208 Ga. App. 298 (2) (b) (430 SE2d 611) (1993).

The dissent, however, would reverse the conviction in this case because of the failure of the State and the trial court to comply, during the hearing on the admissibility of similar transaction evidence, with the procedure set out in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), noting particularly the failure of the State to show the purpose for which it sought to introduce the evidence. However, a review of defendant's brief on appeal shows that defendant has not made this argument to this court. Indeed defendant makes no reference in his brief on appeal to the *Williams* case, nor does defendant refer to any of the many appellate court cases which discuss and apply the holding enunciated in *Williams*.[1] "As [defendant] has not cited *Williams*, supra, or its progeny, and has not advanced any argument in its appellate brief that the new affirmative findings requirements of *Williams*, supra, were not adequately complied with, any determination of the *Williams* requirements is not appropriate on appeal." *Wells*, 208 Ga. App. at 300 (2) (a). See also *Moore v. State*, 207 Ga. App. 897, 898-899 (1) (429 SE2d 340) (1993) and *Hansen v. State*, 205 Ga. App. 604, 607 (1) (423 SE2d 273) (1992). As an intermediate appellate court, we are a court for the correction of errors

---

[1] Although defendant cites the case of *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991), he does not raise the issue of whether the procedure outlined in that case as to what the State must show at trial concerning the similar transaction evidence was followed.

which are properly preserved below and which are properly raised in this court. It is not the function of this court to raise and decide issues not complained of by the parties. See, e.g., *Patterson v. State*, 192 Ga. App. 449, 451 (2) (385 SE2d 311) (1989). It follows that our review of this case is limited to those issues properly raised by defendant on appeal to this court. Id.

Moreover, we are also precluded from reaching the issue discussed by the dissent because defendant did not object at trial on this basis. "[T]he failure of a defendant to object to the introduction of similar transaction evidence on the basis that the State has not made a sufficient showing and/or the trial court has not made the requisite findings as required by Uniform Superior Court Rule 31.3 (B) and our Supreme Court's decision in *Williams* precludes appellate consideration of those issues. See, e.g., *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991) (holding 'nothing in . . . *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. . . .')." *Riddle v. State*, 208 Ga. App. 8, 10 (1) (b) (430 SE2d 153) (1993).

Although the dissent also asserts that defendant preserved his right to raise on appeal the alleged non-compliance with *Williams* because, apparently, defendant brought this issue to the attention of the trial court on his motion for new trial, this is not the type of alleged error which can be properly raised for the first time in a motion for new trial. " ' "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal." (Cit.) Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. (Cit.) Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review. (Cit.)' [Cits.]" *Holland v. State*, 197 Ga. App. 496, 497 (1) (398 SE2d 810) (1990). Moreover, although it is true, as the dissent notes, that *Williams* had not been decided at the time of trial and thus defendant could not have been expected to have invoked that decision by name, the rules governing when similar transaction evidence is properly admissible at trial were extant long before the procedure outlined in *Williams* was established. If the defendant believed the other crimes evidence in this case was inadmissible not only because it was not sufficiently similar but also because it was not offered for a proper purpose or that the relevancy did not outweigh its prejudicial value, he should have so stated during the hearing. Furthermore, even if we assume that the issue addressed by the dissent was preserved for ap-

pellate review because the trial court ruled on it in the order denying the motion for new trial, such does not change the fact that defendant has not raised this issue on appeal. While it is true that error must be preserved below to be raised before this court, it is likewise true that we do not address all issues to which proper objection was taken below. It is the duty of the parties, not this court, to delineate the errors for consideration on appeal.

In sum, "any procedural defects in proof or presentation of the other-crimes evidence have been waived not only by defendant's failure to object at trial . . . but by his failure to raise any such issue on appeal." *Hansen v. State*, 205 Ga. App. at 607. As the trial court's findings on those issues which were properly raised below and which are properly before this court for consideration were not clearly erroneous, see *Stephens v. State*, 261 Ga. 467, 469, n. 2 (405 SE2d 483) (1991), the judgment must be affirmed.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. Beasley, P. J., concurs in judgment only. Cooper and Blackburn, JJ., dissent.*

BLACKBURN, Judge, dissenting.

I disagree with the majority opinion's conclusion that the defendant in this case waived any objection to the admission of the similar transaction evidence, other than on the singular issue of similarity. Further, I believe that the similar transaction evidence was improperly admitted. For those reasons, I respectfully dissent.

1. With regard to the majority's finding that the defendant failed to raise a comprehensive objection to the similar transaction evidence, it should be noted that during the brief hearing on the matter, the trial court truncated defense counsel's examination of the "similar transaction" witness, as well as any argument on the issue. It seems fundamentally unfair for this court to find that the defendant waived his objections when the trial court thus deprived him of the opportunity to object.

Further, it appears from the record that the defendant did, in fact, object on the various grounds eventually formalized in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). At the time of the pretrial hearing on the admissibility of the similar transaction evidence, *Williams v. State*, supra, had not yet been decided, and the defendant's objections before the trial court at that point in time naturally would have no reference to that case. However, in its order denying the defendant's motion for new trial, the trial court specifically noted the defendant's assertion that the transactions were not sufficiently similar and that the trial court failed to make the proper findings under *Williams v. State*, supra.

In *Hunter v. State*, 202 Ga. App. 195 (413 SE2d 526) (1991),

where the defendant objected to the admission of a prior conviction only on the grounds that it was too remote in time to be relevant, this court held that he had waived any other objection regarding the admission of the similar transaction evidence. In the instant case, the majority extends *Hunter* to preclude review of any *Williams* issue not specifically raised before the trial court.

However, as pointed out by a dissent in *Hunter*, in *Williams* the Supreme Court "focused not on whether the appellant's objection had been precisely framed and preserved at trial, but whether the *State* had met *its* obligations so as to justify making an exception to the general rule that such evidence is not admissible." *Hunter*, supra at 199. Such a focus is particularly required in cases such as the instant one, where *Williams* was not yet decided and known to the bench and bar at the time of the trial.

In large part, this court has continued to avoid the application of *Williams* and *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991) by finding waiver of any objections by the defendant before the trial court or on appeal, for the failure to object to the State's failure to meet its burden. See, e.g., *Moore v. State*, 207 Ga. App. 897 (429 SE2d 340) (1993); *Jackson v. State*, 205 Ga. App. 513 (422 SE2d 673) (1992). We do not apply the same waiver standard against the State in criminal cases, where the State fails to preserve error and such failure is ignored by this court in affirming convictions. See, e.g., *Parker v. State*, 211 Ga. App. 187 (438 SE2d 664) (1993). However, in *Riddle v. State*, 208 Ga. App. 8, 11 (430 SE2d 153) (1993), despite the waiver rule expounded in *Hunter* and its progeny, this court held that because the procedural requirement of holding a hearing on the admissibility of similar transaction evidence "is placed squarely with the State and the trial court," the defendant's failure to object to the omission of such a hearing *did not constitute a waiver of that procedure.*

To ensure that a hearing on the admissibility of similar transaction evidence accomplishes its purpose, the Supreme Court in *Williams* designed the procedural requirements discussed above, and the burden of complying with those procedures likewise is placed on the State and the trial court. If the failure to object to a trial court's failure to hold a Uniform Superior Court Rule 31.3 (B) hearing does not result in a waiver, neither should the failure to object to the trial court's failure to follow the procedural requirements delineated in *Williams*, that were designed to make such a hearing meaningful, constitute a waiver.

2. " 'It is universally recognized . . . that "(t)he general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial,

*even though it be a crime of the same sort,* is irrelevant and inadmissible." (Cits.)' " *Stephens v. State,* 261 Ga. at 469. Where a defendant has not placed his character in issue, proof of prior offenses is not admissible unless offered for some proper purpose, and not to show that the defendant is a person of bad character. *Jones v. State,* 257 Ga. 753, 757 (363 SE2d 529) (1988).

Such evidence may be admitted for the limited purposes of showing bent of mind, identity, intent, motive, scheme, or course of conduct, if the defendant is identified as the perpetrator of the independent offenses and there is sufficient similarity between the independent offenses and the crime charged so that proof of the former tends to prove the latter. *Williams v. State,* supra. However, "[i]t should also be emphasized that before such evidence is admissible, it must be shown that the evidence's relevancy to the issues at trial outweighs the inherent prejudice it creates. [Cit.]" *Randall v. State,* 207 Ga. App. 637, 638 (428 SE2d 616) (1993). See also *Adams v. State,* 208 Ga. App. 29 (430 SE2d 35) (1993).

Uniform Superior Court Rule 31.3 (B) provides that "[t]he burden of proving that the evidence of similar transactions or occurrences should be admitted shall be upon the prosecution." In *Stephens v. State,* supra, and *Williams v. State,* supra, the Supreme Court formalized the procedures and evidentiary standards which must be followed by the State and the trial court in order to admit evidence of similar transactions.

Specifically, the Supreme Court emphasized that "before any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the *state must make three affirmative showings* as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility.

"The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.] After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, *the trial court must make a determination that each of these three showings has been satisfactorily made by the state* as to that particular independent offense or act." (Footnote omitted; emphasis supplied.) *Williams v. State,* supra at 642. Unfortunately, in the instant case, those require-

ments were not met.

The trial court conducted a brief hearing on the admissibility of the similar transaction evidence proffered by the State. However, neither the State nor the trial court observed the structured procedures prescribed in *Williams v. State*, supra. At one point during the hearing, the State argued the similarity of the alleged independent offense and the conduct for which Cole was being prosecuted, but it "did not inform the trial court of the purpose for which the evidence was being offered and, therefore, it was impossible for the trial court to make the essential preliminary determination as to whether the state was introducing the evidence for an appropriate purpose." *Williams v. State*, supra at 643.

Further, after the presentation of the testimony during the hearing, when it was incumbent upon the trial court to make specific determinations as to whether the State had satisfactorily made the requisite affirmative showings, the trial court simply stated that "I've already made my decision. I'm going to let it go in." Despite acknowledging that the similar transaction testimony was weak, the trial court thus admitted that evidence without making any determinations regarding the State's required showings, and without any evaluation of whether the evidence's relevance to the issues at trial outweighed the prejudice it surely created.

It must be emphasized that the procedures laid down in *Williams v. State*, supra, are requirements, and not mere recommendations, and should not be carried out in a perfunctory fashion. In *Jones v. State*, supra, the Supreme Court demonstrated some concern over how easily in recent years a criminal defendant's character had been injected into evidence. Consistent with that concern, the procedures prescribed in Uniform Superior Court Rule 31.3 (B) and *Williams v. State*, supra, were designed to protect against the improper admission of character evidence. Neither the State, nor the trial court, nor this court has any authority to ignore, or incompletely or selectively apply, that mandate of the Supreme Court.

The record suggests no great need of the State for the testimony regarding the alleged prior offense, an incident for which Cole was never accused. In addition to the graphic testimony of the victim in the State's case-in-chief, there was evidence of Cole's harassment of the victim prior to the incident in question. Various police officers testified regarding Cole's violation of a restraining order served upon him in October 1990, and how it was necessary to patrol the victim's neighborhood because of a threatening telephone call Cole made to the victim in November 1990, a telephone call which was actually overheard by the chief of police. This admissible evidence alone was sufficient for a rational trier of fact to find Cole guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S.

307 (99 SC 2781, 61 LE2d 560) (1979).

However, inasmuch as the State and the trial court failed to comply with the requirements designed to protect against the improper admission of character evidence, particularly the undetermined issue of the legal relevance of the alleged similar transaction, I would find the admission of the evidence erroneous. Further, notwithstanding the presentation of other, admissible evidence that was sufficient to support Cole's convictions, it does not appear that the erroneous admission of the evidence of a prior act of non-consensual sexual intercourse was harmless. Accordingly, Cole's convictions should be reversed. *Stephens v. State*, supra; *Williams v. State*, supra.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED DECEMBER 3, 1993.

*Richard L. Hodge, Mark G. Pitts*, for appellant.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.