A91A0552. THE STATE v. BURNS.
(406 SE2d 547)

COOPER, Judge.

Appellee was arrested at a McDonald's restaurant for the offense of carrying a concealed weapon (OCGA § 16-11-126); however, the State did not pursue the charge upon discovering that appellee had a valid gun permit. Instead, he was charged with carrying a deadly weapon to a public gathering (OCGA § 16-11-127). The trial court granted appellee's motion to dismiss the accusation, stating that McDonald's was not a public gathering as contemplated under the statute, and the State appealed.

OCGA § 16-11-127 (b) provides that a "public gathering" includes but is not limited to "athletic or sporting events, schools or school functions, churches or church functions, political rallies or functions, publicly owned or operated buildings, or establishments at which alcoholic beverages are sold for consumption on the premises." The State argues that the statute seeks to protect people from injury at public gatherings, caused by others who bring deadly weapons to such places and does not exclude an establishment such as McDonald's, which is a place where the public lawfully gathers. However, this broad interpretation equates "public gathering" to "public place" and blurs the distinction we must assume the legislature intended to make in specifically referring to gatherings in OCGA § 16-11-127 and by limiting its restriction to gatherings as opposed to proscribing the carrying of deadly weapons in public places as defined by OCGA § 16-1-3 (15). We agree with appellee that such a construction would render licensing statutes unnecessary because of the potential of violating the statutes by carrying a weapon outside one's household, in public, where the possibility exists that people *might* gather around someone carrying a weapon. We have held that a conviction was authorized when a weapon was brought to a place where "people were present" (*Jordan v. State,* 166 Ga. App. 417 (4) (304 SE2d 522) (1983)), and it appears from reading subsection (b) and giving the words their ordinary meaning that the statute should apply, in addition to the situations described therein, when people *are* gathered or will be gathered for a particular function and not when a weapon is carried lawfully to a public place, where people *may* gather. Accord-

ingly, the focus is not on the "place" but on the "gathering" of people, and in our view, the court did not err in dismissing the accusation because appellee's possession of a weapon and mere presence in a public place did not constitute a violation of OCGA § 16-11-127.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 10, 1991.

*Gerald N. Blaney, Jr., Solicitor, Jessica R. Towne, Assistant Solicitor*, for appellant.
*John R. Mather*, for appellee.