A95A1478. WILLIAMS v. THE STATE.
(463 SE2d 372)

ANDREWS, Judge.

Williams appeals from the trial court's denial of his motion for new trial after a jury found him guilty of rape and aggravated assault. We affirm the judgment of the trial court.

The rape occurred on November 14, 1988, and on May 10, 1989, Williams was indicted for rape, kidnapping, and possession of cocaine. The trial was scheduled for August 29, 1989, but Williams, who was out on bond, did not appear. Williams was brought back to court in August 1992, and the grand jury reindicted him for rape, kidnapping with bodily injury, aggravated assault, and possession of cocaine. The trial court severed the possession charge and tried Williams on the other three charges in March 1993.

Viewed in the light most favorable to the jury's verdict, the evidence at trial was as follows. Williams and the victim, Ms. McKine, knew each other and had lived together for a period of time until a few months before the rape occurred. McKine testified that after she broke off their relationship, Williams waited for her to leave work one evening and threatened her and forced her into his car. McKine jumped out of the car while it was still moving in order to escape.

On November 14, 1988, Williams waited outside the bank in Garden City where McKine worked and, when she came out of the building, grabbed her and shoved her into the car. Williams drove McKine to a motel, hitting her when she attempted to escape or call for help.

At the motel, Williams forced McKine to undress at knifepoint and raped her.

Williams testified in his own behalf at his trial. He admitted having sexual intercourse with McKine at the motel; however, he claimed it was consensual. He testified that he did not strike her until afterward when they were arguing. The jury found Williams guilty of rape and aggravated assault and acquitted him on the count of kidnapping with bodily injury. The aggravated assault charge merged with the rape count, and the trial judge sentenced Williams to ten years to serve seven on the rape conviction.

1. In his first enumeration of error, Williams claims he is entitled to a new trial because the court denied defense counsel's motion to strike the jury panel after Williams' character was placed in issue. During voir dire, the clerk read to the jury the charges against Williams and included the severed charge, possession of cocaine, in this reading. Defense counsel moved to strike the panel, and the court denied his motion. The State requested curative instructions, but defense counsel did not wish to draw the jury's attention to the severed charge, so the curative instructions were not given. Instead, the clerk re-read the charges to be tried, omitting the charge of possession. Williams claims that the trial court should have either granted a mistrial or, despite the wishes of defense counsel, given curative instructions.

When a defendant's character has been impermissibly placed in issue in this manner, the decision to give curative instructions rather than to grant a mistrial lies within the sound discretion of the trial court. *Hubbard v. State*, 210 Ga. App. 141, 145 (435 SE2d 709) (1993). Here, the State requested curative instructions be given, but defense counsel decided this would serve only to call attention to the cocaine charge. Accordingly, the court had the charge re-read, omitting the possession charge. In *Hubbard*, we affirmed the trial court's denial of a mistrial under similar circumstances. The trial court, without directly referring to the severed charge, re-read the charges to the jury and instructed them that " 'these will be the sole and only charges with which you will be concerned in this case.' " *Hubbard*, supra at 145. Here, the trial court did the same thing except that it omitted the last sentence. Since it was at the request of defense counsel that no curative instructions be given, Williams cannot now be heard to complain of this on appeal. "One cannot complain of a result he induced, procured or aided in causing." (Citations omitted.) *Hood v. State*, 216 Ga. App. 106, 108 (453 SE2d 128) (1995).

2. Next, Williams claims that the trial court erred in allowing testimony as to his previous violent encounter with McKine. Trial counsel did not object to this testimony at trial and did not raise the issue that a Rule 31.3 (B) hearing on the prosecution's intent to present

this evidence was not held. The Supreme Court of Georgia has held that compliance with Uniform Superior Court Rules 31.1 and 31.3 for all prior acts involving the victim and the accused, as well as those involving the accused and not the victim, is mandatory. *Barrett v. State*, 263 Ga. 533, 535 (436 SE2d 480) (1993); *Maxwell v. State*, 262 Ga. 73, 75 (414 SE2d 470) (1992). Therefore, even though counsel did not object at trial, the issue is not waived on appeal since this ground was raised at the hearing on the motion for new trial. See *White v. State*, 213 Ga. App. 429, 430 (445 SE2d 309) (1994) (burden to conduct requisite hearing under Rule 31.3 (B) is on State and trial court, and failure to object at trial does not waive issue on appeal as long as it was raised before trial court at hearing on motion for new trial and was enumerated and argued as error on appeal). While the failure to conduct an admissibility hearing under Rule 31.3 (B) has been held to be grounds for a new trial where the evidence of guilt was not overwhelming, see *Riddle v. State*, 208 Ga. App. 8, 11 (430 SE2d 153) (1993), the Georgia Supreme Court has stated recently that failure to hold the hearing, even without overwhelming evidence of guilt, does not necessarily require a new trial. *Stewart v. State*, 263 Ga. 843, 845 (440 SE2d 452) (1994). Instead, the case may be remanded to the trial court to conduct a post-trial hearing on the admissibility of the evidence. *Stewart*, supra; *White*, supra.

Here, the trial court, after the hearing on the motion for new trial, made a determination as to admissibility under the standards enunciated in *Maxwell*, supra.[1] After reviewing the record, the trial court found that the evidence of previous difficulties between the victim and defendant was admissible.

*Maxwell* requires that, for each prior difficulty or quarrel the State seeks to introduce, it must make the three affirmative showings outlined in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). *Maxwell*, supra at 75. These require a showing that: (1) evidence is introduced for some appropriate purpose which is an exception to the general rule of inadmissibility; (2) there is sufficient evidence that the accused committed the act in question; and (3) there is sufficient similarity between the independent act and the crime charged such that proof of the former tends to prove the latter. *Williams*, supra at 642.

The trial court found that requirement number one was satisfied by testimony at the hearing on the motion for new trial that the evidence was introduced to show the on-going physical violence problem between Williams and the victim. In reviewing the trial transcript, the court found that the second requirement was satisfied by testimony at

---

[1] The trial court noted in its order on the motion for new trial that it was not necessary to have yet another hearing because the same evidence and testimony would be elicited.

trial from McKine and two security officers who testified about the incident. Finally, there is a marked similarity between the prior occurrence and the offense charged at trial, and it is probative of Williams' use of violence in the relationship.

In light of the above, we agree with the trial court's finding that the evidence of previous difficulties between McKine and the accused was admissible under the standards set forth by *Maxwell.* Accordingly, this enumeration of error is without merit.

3. Williams claims that he received ineffective assistance of counsel in that trial counsel failed to request curative instructions regarding the reading of the severed charge of possession to the jury. The trial court found that defense counsel's decision not to emphasize the mistake by additional comment from the court was a trial tactic and did not show ineffective assistance of counsel. We agree with this determination.

In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. *Warren v. State,* 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Here, Williams must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State,* 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991). "To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)." *Gross v. State,* 262 Ga. 232, 233 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross,* supra.

Here, we do not need to go beyond the first prong of the *Strickland* test because we find that counsel's performance was not deficient. Trial counsel testified at the hearing on the motion for new trial that he made a deliberate, tactical decision not to draw the jury's attention to the charge on possession. "Trial strategy and tactics do not equate with ineffective assistance of counsel." (Punctuation omitted.) *Powell v. State,* 198 Ga. App. 509, 511 (402 SE2d 108) (1991). Accordingly, the trial court did not err in denying Williams' motion for new trial based on ineffective assistance of counsel.

4. In his fourth enumeration of error, Williams raises the general ground of sufficiency of the evidence. "On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State,* 195

Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

McKine testified that Williams waited for her when she came out of work, forced her into the car, and drove her to the motel. It was dark when they arrived at the motel, and he took her straight to the room. She did not scream or try to get away because he was much bigger than she, and she was afraid of him. She also testified that Williams threatened her with a knife prior to raping her. After Williams released her, she immediately drove straight to the police department. The photographs of McKine taken immediately after the rape show that she was beaten. The doctor who examined her in the emergency room testified that she had bruises and scratches on her face and a puncture wound on her upper lip. He further testified that she was quite upset, "tearful and crying." In addition, a forensic serologist from the GBI testified that he found blood stains on the shirt and jeans worn by McKine on the night of the attack. Further, Williams admitted to hitting McKine twice, although he claimed that the sexual intercourse was consensual.

For the reasons outlined above, we conclude that there was sufficient evidence from which a rational trier of fact could find Williams guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 23, 1995.

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine M. Sieger, Assistant District Attorney*, for appellee.