### 73053. BROWN v. THE STATE.
(349 SE2d 830)

BIRDSONG, Presiding Judge.

The defendant, Larry Brown, appeals his conviction for a violation of the Georgia Controlled Substances Act by selling marijuana. Mark Stuart and Joe Ricketson, agents of the Georgia Bureau of Investigation, were conducting an undercover investigation into the sale of drugs in Crisp County in March 1985. They were in a store at about 11:00 p.m. when they were approached by the defendant, who identified himself as "Little Larry," and asked them if they "would like some good smoke." They interpreted this to mean marijuana. They indicated they would like to make a purchase, and defendant entered their vehicle and directed them to an area between 13th and 14th Streets in Cordele. Defendant requested the money to make the purchase and Agent Stuart declined. Defendant then offered Stuart "several gold chains from around his neck as collateral." Defendant passed his gold chains to Stuart and the agent gave him a $10 bill. Defendant returned a few minutes later and gave the agents a plastic sandwich bag containing suspected marijuana. The crime lab test was positive for two grams of marijuana. Defendant brings this appeal from his conviction. *Held:*

1. The trial court's denial of defendant's motion for a mistrial is enumerated as error. On cross-examination of Agent Stuart, defendant's counsel was probing the agent's positive identification of the defendant as the person who had sold him the marijuana. Defendant's counsel asked: "Q. You began your investigation in January. . . . And you didn't run into . . . Little Larry until March. . . . And then you didn't see him again during the time you were investigating the drug situation; is that correct?" Agent Stuart replied that his information was correct. Counsel also asked: "Now tell us, please, how it is that you're able to recognize this individual, Larry Brown, as the one that you say called himself Little Larry?" The agent then advised counsel why he recognized the defendant. Previous to this series of questions,

defendant's counsel had asked the agent: "Q. Is this the only occasion in which you saw Larry Brown? A. Besides when he was arrested. Q. Okay, when he was arrested. A. And on a probation hearing." Counsel moved for a mistrial which was denied. We find no error in the ruling of the trial court. The thrust of counsel's questions was clear, identification of the defendant. The agent's answer was responsive to the question asked. Counsel cannot complain of a responsive answer to his question. *Stancil v. State*, 157 Ga. App. 189 (1) (276 SE2d 871); accord *Felker v. State*, 252 Ga. 351, 377 (314 SE2d 621). And, "[a] trial court does not commit error by failing to strike answers which are responsive or which explain responsive answers. *Lemon v. State*, 235 Ga. 74, 75 (218 SE2d 818)." *Ledesma v. State*, 251 Ga. 885, 889 (311 SE2d 427); U. S. cert. den. 467 U. S. 1241. This enumeration is without merit.

2. Defendant also urges error in the denial of his motion for mistrial when another GBI agent testified that he had "an occasion to attend a hearing involving the defendant, Larry Brown in May of this year. . . ." Upon objection, the trial court excused the jury and discussed the issue with counsel. The court found the intent of the testimony was the bolstering of the first agent's testimony and directed counsel to abandon this type of questioning. No further request was made for instructions to the jury or for a mistrial.

We find no reversible error for two reasons. First, following the ruling of the trial court, wherein he had indicated what action he was going to take, counsel did not renew his motion for a mistrial. This amounts to waiver. *Jackson v. State*, 248 Ga. 480 (2) (284 SE2d 267); accord *Sabel v. State*, 250 Ga. 640 (5) (300 SE2d 663). If counsel was dissatisfied with the ruling of the trial court, it was incumbent upon him to renew his motion for mistrial. *Burgess v. State*, 149 Ga. App. 630, 631 (255 SE2d 100). Secondly, the overwhelming evidence of defendant's guilt negated the possibility that inadmissible evidence contributed to the conviction. *Vaughn v. State*, 248 Ga. 127 (2) (281 SE2d 594); *Milton v. Wainwright*, 407 U. S. 371 (92 SC 2174, 33 LE2d 1).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 20, 1986.

*Ronnie A. Wheeler*, for appellant.
*Edwin T. Cotton, District Attorney*, for appellee.