A91A1360. BROWN v. THE STATE.

(411 SE2d 360)

COOPER, Judge.

Appellant appeals from his conviction of armed robbery and sentence of life in prison. A jury found appellant guilty of participating in the April 2, 1988, armed robbery of a Big Star grocery store in Clayton County. At the trial, one of appellant's co-defendants testified that appellant planned the robbery, owned the gun that was used in the robbery, drove the getaway car and shared in the proceeds of the robbery.

1. Appellant first enumerates that the trial court erred in denying his plea in bar in which appellant argued that a plea agreement made in connection with the prosecution of another charge barred the prosecution of the April 1988 robbery. Appellant was indicted and tried for a crime that occurred on March 22, 1988, in Fulton County. At the time of the Fulton County trial, an arrest warrant for the April Clayton County robbery had been issued against appellant. During the Fulton County trial, the Fulton County District Attorney entered into a plea agreement with appellant in which the district attorney represented to appellant and to the court that if appellant pled guilty to one charge of the indictment and accepted a prison sentence of 20

years, the Clayton County charge would be dismissed and appellant would not be prosecuted for that charge. The Fulton County District Attorney asserted that he had the acquiescence of the Clayton County authorities to this agreement. Appellant accepted the plea agreement on these conditions, when, in fact, the Fulton County District Attorney had not consulted with Clayton County and did not obtain the consent of Clayton County to the agreement. Subsequently, the instant prosecution on the Clayton County charge was initiated. This case is controlled by *Bryant v. State*, 164 Ga. App. 555 (1) (296 SE2d 792) (1982). The *Bryant* court construed the Georgia Constitution "as limiting the authority and duties of district attorneys to their judicial circuits," and held that one county's prosecutor's agreement with a defendant is not enforceable in another county, but is only enforceable within that prosecutor's judicial circuit. Id. at 556. Appellant's reliance on *State v. Hanson*, 249 Ga. 739 (295 SE2d 297) (1982) is misplaced. *Hanson* involved a prosecutor's promise of immunity from prosecution for all charges within his jurisdiction. Appellant's first enumeration is without merit. While we are concerned with the Fulton County District Attorney's reprehensible conduct in blatantly misrepresenting the participation of Clayton County authorities, such misrepresentation, if relied upon by appellant, goes to the voluntariness of appellant's plea in Fulton County, not to the instant Clayton County prosecution.

By our conclusion herein, we do not condone in any way the actions of the Fulton County District Attorney in this case.

2. Appellant next contends that the court erred in allowing the State to introduce evidence of a similar transaction because appellant was not identified as the perpetrator of the similar crime. The State served a notice on appellant that it intended to present evidence of appellant's participation in another armed robbery of a Big Star grocery store that occurred in DeKalb County on March 20, 1988. Appellant's co-defendant in the Clayton County case, who was also involved in the DeKalb County robbery, testified that appellant planned the DeKalb County crime and drove the getaway car. A police officer identified appellant as the driver of a vehicle with two other passengers that sped out of the parking lot of the Big Star when the officer attempted to stop the car. Money wrappers from the DeKalb County Big Star were found in a storm drain near appellant's home. "It is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible. [Cits.] Although a prosecution may fall short of proving a criminal offense, evidence as to certain conduct may nevertheless be admissible in a trial of another offense if the State shows the defendant was the perpetrator of the conduct and the conduct or transaction is similar to or has a logical connection to the offense being tried." *Randolph v. State*, 198 Ga.

App. 291, 292 (2), (401 SE2d 310) (1991). We have reviewed the evidence presented and we conclude that the above-quoted standard for the admissibility of similar transaction evidence was satisfied and the court did not err in allowing the State to present evidence of the March 1988 DeKalb County Big Star robbery.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 10, 1991.

*William H. Turner, Jr.,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.