A96A1112. HARRIS v. THE STATE.
(473 SE2d 232)

BIRDSONG, Presiding Judge.

Donald Harris was convicted of armed robbery, possession of a firearm during commission of a felony crime, and possession of a firearm by a convicted felon. He appeals from the denial of his amended new trial motion and his armed robbery conviction. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that

appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant has combined his argument and citation of authority as to the first and second enumerations of error, asserting the trial court erred in admitting in evidence testimony about his prior armed robbery conviction in 1984. Appellant contends that the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (409 SE2d 649), and progeny, were not made; in particular, he claims that there was no showing of sufficient connection or similarity of the prior crime to support its admission as similar transaction evidence.

The facts of this case are substantially as follows: In February 1994, three employees of a Hardee's fast-food restaurant, located in Richmond County, started to leave the store after closing when they were confronted by a masked black male who was armed with a pistol. His mask was made from a woman's stocking. He ordered the employees back into the store and made them lie down with their faces pressed against the surface of the floor while he ransacked the premises. The robber then ordered one employee who was lying on the floor to open the store safe. He departed the premises after taking money from both the safe and a change fund cabinet. Two employees testified that they immediately knew the robber's identity, because he had worked at the store until one week to a month before the robbery. One of the employees had worked with appellant in the store approximately three or four times a week for about six months prior to the robbery; both men were cooks. The employees recognized appellant's voice, some of the clothing appellant was wearing, and also identified appellant's general features (e.g., his broken nose) through the stocking mask. Appellant previously had worn the identified articles of clothing to work and on one occasion had worn the woman's stocking (rolled up on top of his head) to work. When the police arrived, the two employees identified appellant by name as the robber. The employees made an in-court identification of appellant. Appellant pled not guilty and presented an alibi defense; thus, identity was an issue for jury resolution.

The facts of appellant's armed robbery offense in August 1984 are as follows. Store witnesses gave the police a general physical description of the perpetrator, and appellant was arrested shortly thereafter approximately a block and a half from the crime scene. The perpetrator was described by witnesses as a black male who was armed with a handgun and wearing a woman's stocking or pantyhose mask. The perpetrator told the persons in the store to lie on the floor and then demanded money; he placed the money into a bag. Witnesses from the store subsequently came to the location where appellant was detained and identified him as the perpetrator of the crime. Appellant thereafter admitted that he was the perpetrator of the gro-

cery store robbery.

(a) There are two conditions for admissibility of similar transaction evidence: (1) there must be some evidence establishing that the independent crime was committed by the defendant, and (2) there must be sufficient similarity or connection between the independent crime and the offense charged so that proof of the former tends to prove the latter. *Chastain v. State*, 260 Ga. 789, 790-791 (3) (400 SE2d 329). Similarity is an important factor in determining the admissibility of the extrinsic crime; however, it is not the only factor, nor is it necessarily the controlling factor. The ultimate issue for admissibility is whether the evidence of other crimes has relevance to the issues in the trial of the case at bar. Depending on the purpose for which the extrinsic evidence is offered, the State may be required to prove a high degree of similarity between the relevant characteristics of the extrinsic crime and the crime charged, or it may have only the burden of showing a logical connection between the crimes which are essentially dissimilar. *Ward v. State*, 262 Ga. 293, 295 (2) (417 SE2d 130). Further, mere lapse of time between the commission of any prior similar crime and the commission of the offense currently at trial does not render the evidence automatically inadmissible; lapse of time is but one factor to be taken into consideration in determining admissibility. *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455).

The foundation for admission of similar transaction conduct can be established, as in this case, through the testimony of a witness. See generally *Rash v. State*, 207 Ga. App. 585, 586 (2) (428 SE2d 799). The State need not prove that the conduct resulted in a conviction or criminal charge; " '[a]lthough a prosecution may fall short of proving a criminal offense, evidence as to certain conduct may nevertheless be admissible in a trial of another offense if the State shows the defendant was the perpetrator of the conduct and the conduct or transaction is similar to or has a logical connection to the offense being tried.' [Cit.]" *Brown v. State*, 201 Ga. App. 473, 474 (2) (411 SE2d 360).

The record affirmatively reflects that the similar transaction evidence was admitted by the trial judge for its relevance in proving identity. Unlike the admission of similar transaction evidence to prove lascivious motivation or bent of mind (see, e.g., *Oller*, supra at 821 (2)), admission of such evidence to prove identity appears to require a showing of a greater degree of similarity to meet the test for admissibility (see *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (dicta)). Even under this more stringent test, we find the State carried its burden of showing a sufficient degree of similarity for admission of this particular similar transaction evidence. In determining admissibility of similar transaction evidence, the correct

focus is upon the nature of the similarities, if any, between the extrinsic evidence and the crime charged, rather than incorrectly focusing upon any differences that may exist. *Farley v. State*, 265 Ga. 622, 624 (2) (458 SE2d 643). Although the crimes here are not identical, there exists a high degree of similarity between the extrinsic crime and the crime charged, lapse of time notwithstanding.

(b) Appellant's contentions that the trial court committed reversible error by failing to comply with the procedural prerequisites of *Williams v. State*, supra at 642 (2) (b), also are without merit. Before evidence of the 1984 armed robbery was admitted and presented to the jury, a similar transaction hearing was held as required by *Williams*, supra. Previously, appellant had objected to the admission of the evidence, and the trial court had indicated on the record its knowledge that to be admissible the extrinsic evidence must have facts which are similar. The trial court also noted that mere admission of the certified copies of appellant's prior conviction would be insufficient to obtain evidence admissibility. At the conclusion of the similar transaction hearing, the trial court admitted the similar transaction evidence without making all the affirmative procedural findings required by *Williams*, supra. The trial court, however, did affirmatively state on the record that the only reason the evidence could be admitted was "for the purpose of identification." Thereafter, the trial court gave the jury a tailored limiting instruction, in pertinent part as follows: "The law provides that evidence of other offenses of this defendant that are similar in terms of common design, scheme, plan, course of conduct, or other factors connected to the offense for which the defendant is on trial may be admissible, and may be considered by you for the limited purpose of showing, if it does, the identity of the perpetrator in the crime charged in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose, except that of the identity." Thereafter, the State affirmatively confirmed on the record that it was introducing the similar transaction evidence for the specific purpose of proving identity and course of conduct for purposes of identification. This tailored limiting instruction was repeated in the final charge to the jury.

While the court failed to comply with all the procedural runes contained within the four corners of *Williams*, supra, both the State and the trial court fully complied with the most important procedural aspect of *Williams*, to wit: affirmatively identifying on the record the legitimate purpose for which such evidence was being introduced. Moreover, the trial court with outstanding clarity thereafter repeatedly instructed the jury as to the legitimate limited purpose for which such evidence could be considered. Pretermitting, however, whether there was adequate compliance at trial with the procedural requirements of *Williams*, supra (considering that the trial court in

virtually all other situations is presumed to know and apply the correct law unless the contra be shown) is whether the trial court substantially complied with *Williams*, supra, by revisiting the issue while considering the motion for new trial and issuing a nunc pro tunc order which met the *Williams* requirements for affirmative findings. We hold that the procedural requirements of *Williams* can be substantially complied with by issuance of a timely post-trial nunc pro tunc order. This is the only result consistent with the prior rulings of the Supreme Court and this Court directing that a case on appeal be remanded for the trial court to enter findings pursuant to *Maxwell v. State*, 262 Ga. 73 (2) (b) (414 SE2d 470) and *Williams*, supra, or affirming judgment where the trial court entered *Maxwell* findings after the hearing on the new trial motion. *Williams v. State*, 218 Ga. App. 785, 787 (2) (463 SE2d 372); see, e.g., *Stewart v. State*, 263 Ga. 843, 844 (1) (440 SE2d 452); *White v. State*, 213 Ga. App. 429 (1) (445 SE2d 309). The trial court at most failed to make a complete affirmative determination on the record as to the admissibility of similar transaction evidence; such failure, if any, was cured by a post-trial nunc pro tunc order procedure. We caution, however, that a post-trial procedure is not to be employed as a matter of routine in lieu of a required *Williams*, supra, 261 Ga. 640, hearing; otherwise, we will be compelled by existing Supreme Court precedent to revisit this issue.

(c) Assuming arguendo the trial court committed trial error as asserted in either of appellant's enumerations of error, nevertheless based on the overwhelming evidence of appellant's guilt and coupled with the tailored limiting instruction given the jury to consider similar transaction evidence only as to the issue of identity, we find beyond a reasonable doubt that such error, if any, was harmless. *Palmer v. State*, 186 Ga. App. 892, 897 (3) (369 SE2d 38).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JUNE 28, 1996.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.