## A99A1050. NELSON v. THE STATE.
### (521 SE2d 593)

SMITH, Judge.

Johnny Nelson was convicted by a jury of possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. His motion for new trial, as amended, was denied, and he appeals. We affirm.

Construed to uphold the jury's verdict, evidence was presented that Officer Tony Litle of the Columbus Police Department responded to a call that an individual was shooting a rifle or shotgun in a residential neighborhood. After arriving in the area and observing a car matching the description given to him, Litle stopped the car and learned that its driver was Nelson. He searched the car and found two loaded firearms, an AK47 and a pistol. In the glove compartment, Litle discovered a bag containing approximately 100 smaller bags of a substance identified at trial as crack cocaine. Another officer who assisted with the stop also found $294 on Nelson's person.

On appeal, Nelson raises several arguments with respect to evidence of similar transactions admitted at trial. Prior to trial, the court conducted a Uniform Superior Court Rule 31.3 hearing to determine the admissibility of two prior incidents. The first incident arose after a police officer responded to a loitering call in January 1994 at a local motel. During a search of Nelson's person, the officer discovered a cocaine smoking device containing residue. Nelson pled guilty to the charge of possession of a controlled substance.

The second incident involved a sale of cocaine in 1996. During the USCR 31.3 hearing, Officer Bennie Jennings testified that with the assistance of confidential informant Frank Beasley, a cocaine buy was set up at a certain residence. He stated that Beasley entered the residence after being equipped with a monitoring device and purchased cocaine with money supplied by Jennings. Jennings listened to the transaction as it occurred and identified Nelson's voice as the voice of the individual from whom Beasley bought cocaine. Beasley did not testify, however, at this hearing, and the trial court initially refused to allow the State to introduce evidence of the cocaine sale, apparently on hearsay grounds.

During the trial, however, the trial court revisited the issue of whether evidence concerning the prior sale was admissible when Beasley himself testified before the trial court and positively identi-

fied Nelson as the individual from whom he had purchased $40 worth of cocaine during the controlled buy. The trial court then permitted the State to introduce evidence of the sale through the testimony of Beasley and Jennings.

As pointed out by Nelson, before the evidence of the prior transactions was admitted, the trial court did not expressly make the affirmative findings required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), that the two similar transactions were offered for an appropriate purpose, that Nelson was identified as the person who committed the offenses, and that proof of the prior incidents tended to prove that he committed the offense for which he was on trial. On motion by the State following Nelson's conviction, however, the trial court entered an order reciting that the prior offenses were offered for the proper purposes of showing intent, knowledge, course of conduct, and identity. The order further recited that Nelson was the perpetrator of the prior offenses and that

> there was sufficient similarity and connection to the present case in that the prior possession case dealt with the same type of drugs, the same town, and tends to shed light on the defendant's prior knowledge and familiarity with the drugs in the present case, and in that the prior sale case deals with the same type of drugs, in the same town, and tends to show that the defendant is an active dealer of the type of drugs found in 100 individual hits in the defendant's car.

1. In a single enumeration of error, Nelson makes separate contentions, including an argument that the trial court allowed the evidence into trial for improper purposes. It is well settled that when an appellant asserts multiple errors within one enumeration, we are authorized "to review none, or one or more, of the errors asserted within the single enumeration." (Citations and punctuation omitted.) *Hall v. State*, 235 Ga. App. 44, 46 (4) (508 SE2d 703) (1998). We elect to exercise our discretion and consider only Nelson's argument that the similar transaction evidence was admitted for improper purposes.

We find no merit in this contention. Nelson argues that the State failed to recite any purpose for the admission of evidence of his guilty plea to possession of a controlled substance. He also contends that the State's purpose for introducing evidence of the transaction involving the sale was not a proper purpose for admitting the evidence. But Nelson did not object at trial to the admission of either transaction on the ground that the State failed to articulate a proper purpose for their admission. In this circumstance, he failed to preserve the argument for our consideration on appeal. See *Corey v.*

*State*, 211 Ga. App. 333, 334 (3) (439 SE2d 513) (1993); *Walker v. State*, 208 Ga. App. 690, 693 (2) (431 SE2d 459) (1993).

Also, we note that *Stephan v. State*, 205 Ga. App. 241 (422 SE2d 25) (1992), cited by Nelson, is not controlling on this issue. In that case, the State failed to articulate any purpose for which the similar transaction testimony was offered, and the trial court failed to give the jury a proper limiting instruction. Instead, the trial court "merely articulated a laundry list of possible reasons for which similar transaction evidence may be admissible." *Jordan v. State*, 230 Ga. App. 560, 562 (497 SE2d 48) (1998). But here, the trial court expressly charged the jury that the evidence "may be considered for the limited purpose of showing . . . the identity of the perpetrator, or the state of mind or knowledge of the defendant in the crime charged. . . . [S]uch evidence if any may not be considered by you for any other purpose." Compare *Hall v. State*, 230 Ga. App. 741, 742-743 (497 SE2d 603) (1998) (prosecution not allowed to state purpose for which similar transaction evidence offered *and* trial court cited only comprehensive list of possible permissible purposes).

2. Nelson also contends that the trial court was not authorized to enter a post-trial order concerning the admissibility of the similar transactions. We do not agree. First, Nelson bases his argument on his contention that the prosecution never stated a proper purpose for the admission of the evidence. But as discussed above, Nelson waived appellate review of this contention. It follows that he cannot base further argument on such a contention. Also, this court has repeatedly remanded cases for post-trial hearings, when the record did not affirmatively reflect that a USCR 31.3 hearing was previously held, or where such a hearing was inadequate to show the admissibility of similar transaction evidence. See, e.g., *Hall*, supra, 230 Ga. App. at 743; *White v. State*, 213 Ga. App. 429, 431 (1) (445 SE2d 309) (1994).

Furthermore, *Harris v. State*, 222 Ga. App. 52 (473 SE2d 232) (1996), is instructive on the issue of whether the trial court was authorized to enter a post-trial order. In that case, unlike here, *both* the trial court and the State "fully complied with the most important procedural aspect of *Williams*, to wit: affirmatively identifying on the record the legitimate purpose for which [evidence of similar transactions] was being introduced." Id. at 55. But in *Harris*, as here, the trial court also instructed the jury "as to the legitimate limited purpose for which [similar transaction] evidence could be considered." Id. at 55. More importantly, we explicitly held "that the procedural requirements of *Williams* can be substantially complied with by issuance of a timely post-trial nunc pro tunc order." Id. at 56. The trial court in this case did not expressly indicate that its post-trial order was issued nunc pro tunc to the time of trial. But here, as in *Harris*, permitting the order to serve as an order substantially complying

with *Williams* would be "the only result consistent with the prior rulings" of this court directing that an appeal be remanded for the purpose of conducting a proper hearing. Id. at 56.

3. Nelson argues that the trial court erroneously failed to balance the legal relevance of the prior convictions against their prejudice. We find no merit in this contention. The trial court's posttrial order making the appropriate *Williams* findings constituted "an implicit finding that the probative value of that evidence outweighs its prejudicial impact." *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995). And here, as in *Farley*, evidence of the prior transactions was not "overly prejudicial," given the trial court's "detailed limiting instructions" to the jury at the close of the case. Id.; see also *Byrd v. State*, 236 Ga. App. 485, 488-489 (6) (c) (512 SE2d 372) (1999) (no error in failing to make express balancing determination).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 9, 1999 —
RECONSIDERATION DENIED OCTOBER 21, 1999 — 

*Berry & Shelnutt, John M. Shelnutt, Jennifer E. Cobb*, for appellant.

*J. Gray Conger, District Attorney, Patrick B. Moore, Assistant District Attorney*, for appellee.