## A01A2187. AYERS v. THE STATE.
### (555 SE2d 4)

PHIPPS, Judge.

Dewey Ayers was convicted of theft by receiving stolen property. His motion for new trial was denied. He now appeals, challenging the sufficiency of the State's proof and the admission of similar transaction evidence. We find Ayers's claims of error either to have been waived or to be lacking in merit and affirm.

Ayers was charged with theft by receiving a stolen 1997 Corvette automobile. Fayette County Detective Whiteside testified that the Corvette was reported stolen and a lookout for it was posted by Federal Bureau of Investigation Special Agent McFarlane. Whiteside further testified that upon being advised that the Corvette had been seen, he gave orders to pursue it. Sergeant Chitwood observed Ayers drive the vehicle to his Fayette County residence, initiated a traffic stop, took him into custody, and placed him in a patrol car. Detective Whiteside later arrived on the scene. When Detective Whiteside asked Ayers whether the car belonged to him, Ayers indicated that he had purchased the car from an unnamed individual and regretted having done so because it was the second time that person had sold him a stolen vehicle. The State presented evidence showing that Ayers had registered the Corvette by submitting an application containing fraudulent information.

---

The State presented similar transaction evidence relating to five other stolen vehicles. First, Cobb County Detective Gaynor testified that uniformed officers had received information that an individual was attempting to sell a stolen vehicle later identified as a Toyota 4Runner. Police observed Ayers enter the 4Runner and arrested him. When asked for documentation by the arresting officer, Ayers presented a fraudulent insurance card. The second transaction involved a Toyota Land Cruiser stolen from Colvin Leonard. A cellular telephone was mounted in the car, and numerous calls were made from it after the theft. One call was placed to Ayers. Greg Foster obtained title to the stolen Land Cruiser in Ayers's name, and Ayers submitted the fraudulent title to an automobile insurer in order to obtain payment for the car after it was destroyed in an accident. Third, Agent McFarlane testified that during the course of an investigation, he ascertained that a stolen Mercedes had been registered in Ayers's name through use of a fictitious Pennsylvania title, that Ayers used the Pennsylvania title to obtain a Georgia certificate of title, and that he then sold the car. Last, the State presented additional testimony authorizing the jury to find that Ayers had sold a stolen Ford Explorer to Alva Loney and a stolen Nissan Pathfinder to Annie Williams.

Ayers's defense was that he did not know that the Corvette was stolen but had simply purchased the car from John Malloy, a car dealer who was a member of a fitness center owned by Ayers. In rebuttal, Agent McFarlane testified that upon investigation he found no evidence that anyone named John Malloy was or had been a car dealer in Georgia.

1. Construed in a light most favorable to support the verdict, the evidence was sufficient to authorize any rational trier of fact to find beyond a reasonable doubt that Ayers possessed the stolen Corvette and that he knew or should have known it was stolen. Consequently, the trial court did not err in denying Ayers's motion for directed verdict.[1]

2. (a) Ayers complains that the trial court instructed the jury on the uncharged offense of theft by taking. The court, however, explained to the jury that it was providing the definition of this offense solely because theft is an element of the offense with which Ayers was charged. The court never instructed the jury to consider returning a verdict of guilt against Ayers for any charge other than theft by receiving. Therefore, we find no error.

(b) Ayers complains that the trial court in effect instructed the jury to find him guilty by stating during its charge that he had been

---

[1] See, e.g., *Yarbrough v. State*, 241 Ga. App. 777, 780-781 (4) (527 SE2d 628) (2000).

found in possession of a stolen vehicle. Because Ayers never denied possessing the vehicle, but rather raised a defense grounded on the claim that he did not know it was stolen, we do not find that Ayers was harmed by the charge.

3. Ayers contends that the court erred in failing to limit the purpose for which the similar transaction evidence was introduced. There is no merit in this complaint, as the trial court charged the jury that such evidence could be considered only for the limited purpose of showing "the defendant's state of mind, knowledge, intent, or mode of operation in the crime charged." This was an adequate limiting instruction.[2]

4. Ayers contends that because of factual dissimilarities between the five prior transactions and the offense charged, the independent transactions were not sufficiently similar to the one at bar to warrant their admission in evidence.

All transactions involved stolen motor vehicles. In at least four of the prior transactions, Ayers was found in possession of the vehicle. Three of the transactions, like this case, involved instances in which he had submitted or was found in possession of false vehicular or insurance documentation. Given these similarities, the court did not abuse its discretion in admitting the extrinsic evidence.[3] In determining whether prior transactions are sufficiently similar, courts must focus on the similarities of the occurrences rather than their differences.[4]

5. Ayers contends that the trial court erred in allowing the State to present testimony from Detective Whiteside, Detective Gaynor, and Agent McFarlane which improperly placed his character in issue.

Ayers's complaint about Detective Whiteside's testimony concerning participation by narcotics officers in the investigation of Ayers has not been preserved for appellate review because there was no objection to this testimony at trial.

> Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal. Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. Enumerated errors

---

[2] See *Nelson v. State*, 240 Ga. App. 454, 456 (1) (521 SE2d 593) (1999).
[3] See generally *Arnold v. State*, 236 Ga. App. 380, 382 (2) (511 SE2d 219) (1999).
[4] *Guild v. State*, 236 Ga. App. 444, 445 (2) (512 SE2d 343) (1999).

which raise issues for the first time in a motion for new trial or on appeal present nothing for review.[5]

The defense did object and move for a mistrial when Detective Gaynor testified that Ayers had been charged with possession of a loaded handgun found in the Toyota 4Runner. The trial court, however, sustained the objection in lieu of declaring a mistrial and gave a curative instruction directing the jury to disregard the testimony. We find no abuse of discretion.[6]

The court also sustained an objection by the defense to testimony by Agent McFarlane which may have led the jury to believe that Ayers was a member of an auto theft ring. Because the defense did not ask for any additional curative action, Ayers has waived any further objection.[7] Additional testimony by McFarlane as to which Ayers complains on appeal either was given by him on direct examination and not objected to or was elicited by defense counsel on cross-examination. "Induced error does not furnish a basis for reversal."[8]

6. Ayers contends that the court erred in allowing the State to establish venue through hearsay testimony. There is no merit in this complaint, as the jury was authorized to find venue in Fayette County based on testimony given by Detective Whiteside as to his own observations as well as statements made to him by Ayers. By failing to raise any objection at trial, Ayers has waived complaints concerning allegedly hearsay testimony given by Detective Gaynor as to the stolen Toyota 4Runner and by Agent McFarlane as to the purchase of the Mercedes from Ayers.

7. Ayers contends that the court erred in admitting the statement he made to Detective Whiteside at the time of his arrest because he was not given *Miranda* warnings. The detective's testimony concerning this statement was, however, elicited by defense counsel. Therefore, Ayers cannot complain of its admission on appeal.[9]

8. Finally, Ayers challenges the legality of his seizure by Sergeant Chitwood. Again, however, this challenge has not been pre-

---

[5] (Citations and punctuation omitted.) *Holland v. State*, 197 Ga. App. 496, 497 (1) (398 SE2d 810) (1990).

[6] *Williams v. State*, 247 Ga. App. 88, 90 (2) (543 SE2d 402) (2000).

[7] See *Brown v. State*, 180 Ga. App. 611, 612 (2) (349 SE2d 830) (1986).

[8] (Footnote omitted.) *In the Interest of K. D. J.*, 246 Ga. App. 500, 502 (2) (540 SE2d 682) (2000).

[9] In this enumeration of error, Ayers also complains of the trial court's refusal to instruct the jury on the rules of *Miranda*. Because defense counsel expressed his agreement with the court's decision not to charge the jury on such rules, Ayers cannot complain of this ruling either. "A party cannot submit to a ruling or acquiesce to it . . . , then complain about the ruling on appeal." *Boone v. State*, 229 Ga. App. 379, 381 (4) (494 SE2d 100) (1997).

served for appellate review because the issue was not raised at trial. *Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 20, 2001.

*William S. Callahan*, for appellant.
Dewey Ayers, Jr., *pro se.*
*William T. McBroom III, District Attorney, Mark M. Irvin, Assistant District Attorney*, for appellee.