## A03A2512. SMITH v. THE STATE.
(592 SE2d 871)

ELLINGTON, Judge.

A Coweta County jury convicted Jimmy A. Smith of theft by taking, OCGA § 16-8-2. Following the denial of his motion for new trial, Smith appeals, challenging the sufficiency of the evidence and the admission of similar transactions evidence. Finding no error, we affirm.

1. Smith contends the evidence was insufficient for the jury to find him guilty beyond a reasonable doubt of theft by taking. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omit-

---

ted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in the light most favorable to the prosecution, the evidence showed the following facts. On February 7, 2001, the victim hired Smith, a contractor who claimed to employ a crew of 30 men, to build a garage. The written contract provided that the victim would pay $7,950 down and would make additional payments as needed to complete the project, for a total of $15,900. Smith promised the victim that he would begin the project the next day and complete it within eight weeks. As weeks passed with no work on the project, the victim contacted Smith. Smith lied to the victim, telling him the lumber and other materials were on "back order." More than three weeks after entering the contract, one laborer spent one and a half days preparing the site. The next week, Smith, one laborer, and Smith's subcontractor spent two days creating footings for the foundation. After failing twice, the footings passed inspection six weeks into the project. The next week, Smith's subcontractor poured the concrete slab. Throughout the initial eight-week period, Smith repeatedly failed to return the victim's telephone calls.

With the promised date of completion passed, the victim again called Smith. After receiving no return call, the victim confronted Smith at his house. Smith promised to complete the work, worked on the site that day until lunch, and never returned.

Six months after entering the contract, and more than three months after Smith abandoned the project, the victim encountered Smith at a store. In front of three witnesses, Smith promised to visit the victim's home that day to "pay [him] off." Smith did not appear. The State issued an accusation on March 1, 2002. Three months later, and six weeks before trial, Smith contacted the victim and asked to see him to settle the criminal charges. Smith promised to pay the victim the money he owed him the next week. Smith told the victim and his wife, "I'm sorry I ripped you off." Smith failed to make the promised refund.

At trial, an expert estimated the value of the labor performed before Smith abandoned the project as approximately $800 to $1,000. In addition, Smith bought $367 worth of wood and paid the concrete subcontractor approximately $2,270.

OCGA § 16-8-2 provides: "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession

thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

> Under the statute, the phrase "regardless of the manner in which the property is taken or appropriated" is a catch-all phrase rendering our theft by taking statute broad enough to encompass theft by conversion, theft by deception or any other of the myriad and even yet-to-be-concocted schemes for depriving people of their property.

(Citations and punctuation omitted.) *Spray v. State*, 223 Ga. App. 154, 155 (1) (476 SE2d 878) (1996). In a case such as this, when the alleged taking occurs when a defendant fails to perform under a contract with the victim, the "real issue" is whether the defendant accepted or retained the victim's money with no intention to satisfy his obligations under the contract. *Tukes v. State*, 250 Ga. App. 117, 121 (1) (b) (i) (550 SE2d 678) (2001).

Here, Smith abandoned the project, promised to return the unearned portion of the down payment, then failed to do so. The jury was authorized to find Smith guilty beyond a reasonable doubt of theft by taking. *Tukes*, 250 Ga. App. at 121 (1) (b) (i); *Byrd v. State*, 186 Ga. App. 446, 447 (1) (367 SE2d 300) (1988).

2. Smith contends the trial court abused its discretion in admitting evidence of two similar transactions which did not result in criminal charges.

Although the conduct of an accused in other transactions is generally irrelevant,[1] evidence of similar transactions is admissible contingent upon three affirmative showings: "(1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter." (Citation omitted.) *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001).[2] When reviewing the trial court's factual findings regarding whether the State satisfied the three-prong test, we apply the clearly erroneous standard. *Garrett v. State*, 253 Ga. App. 779, 781 (3) (560 SE2d 338) (2002); *Mitchell v. State*, 249 Ga. App. 520, 521 (1) (548 SE2d 469) (2001). Further, the

---

[1] See OCGA § 24-2-2 ("The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.").

[2] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) (establishing three-prong test for similar transactions); Uniform Superior Court Rule 31.3 (B) (procedure for admission of evidence of similar transactions).

decision to admit similar transactions evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent abuse. *Jones v. State*, 255 Ga. App. 609, 611 (565 SE2d 915) (2002).

In the first similar transaction, which took place before the crime charged in this case, a homeowner hired Smith to build a bedroom and bathroom addition. Smith represented that he had a crew of 30 men. Smith accepted a down payment of $4,733.33 and promised to begin work the next day. After the victim repeatedly called Smith, Smith and crew finally arrived several weeks later, worked until lunch, dug a hole for the foundation, then never returned.

In the second similar transaction, which took place after the crime charged in this case, a couple hired Smith to build a sunroom addition for $11,500. Smith represented that he had a crew of 30 men and would provide "24 hour service." Smith accepted a down payment of $6,500 and promised to begin work two days later. Smith arrived with two laborers several days late, worked part of one day, removed siding and gutters and dug a trench for the foundation footings, then never returned. The victims attempted to contact Smith repeatedly. Smith lied, telling the victims he was waiting for permits. Smith refused to return the victims' calls and never refunded any of the down payment.

The trial court conducted a hearing regarding the similar transactions, pursuant to Uniform Superior Court Rule 31.3 (B). The State offered these similar transactions to show course of conduct, bent of mind, scheme, and intent, and the trial court ruled the evidence admissible for these purposes. As in the charged crime, in the other transactions Smith misrepresented to homeowners how quickly he could begin work and how many laborers he would commit to the project. In each transaction, Smith barely started work before abandoning the project entirely. In each case, Smith avoided customers' inquiries about the work and failed to refund the unearned portion of substantial down payments. The trial court's finding that the State satisfied the three-prong test was not clearly erroneous. *McMahon v. State*, 258 Ga. App. 512, 516 (5) (574 SE2d 548) (2002); *Davis v. State*, 167 Ga. App. 701, 703 (4) (307 SE2d 272) (1983). Further, "[i]t is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible." (Citation omitted.) *Brown v. State*, 201 Ga. App. 473, 474 (2) (411 SE2d 360) (1991). See also *Harris v. State*, 222 Ga. App. 52, 54 (2) (a) (473 SE2d 232) (1996) (accord). The trial court did not abuse its discretion in admitting the evidence.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JANUARY 7, 2004.

*John A. Beall IV*, for appellant.

*Peter J. Skandalakis, District Attorney, Charles P. Boring, Assistant District Attorney*, for appellee.