**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 29, 2020**

# In the Court of Appeals of Georgia

A20A0405. WILSON v. THE STATE.

McFADDEN, Chief Judge.

Christopher Bolton Wilson appeals his theft by taking conviction. He argues that the evidence does not support the conviction and that the trial court erred in ordering restitution without a hearing and without considering the factors listed in OCGA § 17-14-10 (a). We hold that the evidence presented at the bench trial supported the conviction, that Wilson waived any error in the trial court's decision to address restitution at the sentencing hearing instead of at a separate hearing, and that Wilson has not affirmatively shown that the trial court failed to consider the statutory factors. So we affirm.

1. *Sufficiency of the evidence*.

Wilson argues that the evidence presented at his trial was insufficient to support his conviction because it did not prove his criminal intent. When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (emphasis in original).

> Similar to appeals from a jury trial resulting in a criminal conviction, on appeal from a bench trial, we view all evidence in the light most favorable to the trial court's verdict, and the defendant no longer enjoys the presumption of innocence. We do not re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence.

*Jones v. State*, 307 Ga. 505, 505 (1) (837 SE2d 288) (2019) (citation and punctuation omitted).

So viewed, the evidence at trial showed that the victim hired Wilson to perform landscaping work. The victim and Wilson agreed on a detailed, written proposal, and Wilson agreed to start the work immediately. The victim paid Wilson $10,200, the full contract amount. Wilson and the victim together marked the locations for new plantings, Wilson sprayed the yard to kill the existing grass, and Wilson had someone

2

remove shrubs. The victim estimated that Wilson's work could not have taken more than two hours and, at least as far as removing the shrubs, was worth no more than $50. Wilson did no more landscaping work.

On multiple occasions, the victim confronted Wilson about his failure to work. Finally, the victim told Wilson that he must resume the work the next day or return the money. Wilson promised to work the next day, but he neither showed up nor returned the money. Wilson never did any more work on the property.

Under OCGA § 16-8-2, "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

> In a case such as this, when the alleged taking occurs when a defendant fails to perform under a contract with the victim, the real issue is whether the defendant accepted or retained the victim's money with no intention to satisfy his obligations under the contract.... (I)ntent may be found by the [factfinder] upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is being prosecuted. Whether a defendant has the requisite intent to commit a crime is a question for the [factfinder].

3

*Bearden v. State*, 316 Ga. App. 721, 722-723 (1) (728 SE2d 874) (2012) (citations and punctuation omitted). The evidence authorized the factfinder to infer Wilson's fraudulent intent. See *Graham v. State*, 337 Ga. App. 664, 665-668 (1) (788 SE2d 555) (2016) (jury was authorized to infer that defendant acted with fraudulent intent when evidence showed that he accepted money from the victim for the purpose of constructing cabinets, did not complete the cabinets or provide the victim with what had been completed, and failed to return any money to the victim); *Bearden*, 316 Ga. App. at 723-724 (1) (state proved defendant's intent with evidence that defendant drew down money from victims' loans but failed to construct their modular homes and failed to return any of the funds). See also *Smith v. State*, 265 Ga. App. 57, 58-59 (1) (592 SE2d 871) (2004) (evidence that contractor abandoned construction project, promised to return the unearned portion of the down payment, and then failed to do so, supported theft by taking conviction).

2. *Restitution*.

Wilson argues that the trial court erred in ordering restitution without conducting a restitution hearing or properly considering the factors listed in OCGA § 17-14-10 (a). Assuming without deciding that the restitution issues are not moot,

4

given documents in the record indicating that Wilson may have paid the restitution amount, Wilson has not shown reversible error.

After the trial court judge announced that he found Wilson guilty, the judge asked the assistant district attorney and Wilson's counsel whether they were ready to proceed with sentencing. Both sides said that they were ready. The trial court judge asked the assistant district attorney whether she had a recommendation. She responded with a sentence recommendation and proposed certain conditions of probation, including restitution. She recommended that an appropriate restitution amount was $10,100, given the testimony that Wilson had completed some of the landscaping work.

Wilson's counsel responded, noting the amount of time Wilson had been in custody already, and then stating that, "Obviously, that the restitution is going to be an issue. [Wilson] . . . stated he believes that something closer to $5,000 would be owed back, given what he lost to the money that he put forth towards the project." Next the judge gave Wilson himself the opportunity to make a statement. The judge then announced the sentence, stating that "[r]estitution will be in the amount of $10,000."

We agree with the state that Wilson waived any error in the trial court's failure to conduct a separate restitution hearing. When the parties disagree about the amount of restitution prior to sentencing, OCGA § 17-14-7 (b) calls for a restitution hearing: "If the parties have not agreed on the amount of restitution prior to sentencing, the ordering authority shall set a date for a hearing to determine restitution. . . ."

But a defendant can "waive[] any error in the decision of the trial court to decide the question of restitution as a part of the sentencing hearing, rather than in a separate and distinct hearing." *Ezebuiro v. State*, 308 Ga. App. 282, 285 (2) (b) (707 SE2d 182) (2011). Here, the judge asked the assistant district attorney and Wilson's counsel whether they were ready to proceed with sentencing and Wilson's attorney said he was ready. Wilson's attorney knew that restitution was an issue, yet

> he did not present or request to present evidence on the issue of restitution at the time; nor did he request a separate hearing on the issue of restitution. Accordingly, we find that Wilson has waived any error in the decision of the trial court to decide the question of restitution as a part of the sentencing hearing, rather than in a separate and distinct hearing.

*Wilson v. State*, 317 Ga. App. 171, 180 (2) (b) (730 SE2d 500) (2012) (punctuation omitted).

Wilson argues that the trial court erred by failing to consider the factors outlined in OCGA § 17-14-10 (a) before ordering restitution. We find no error.

When a trial court orders restitution, it must consider the amount of the victim's loss, which is the state's burden to prove. OCGA §§ 17-14-7 (b), 17-14-10 (a) (4). The court must also consider the other factors listed in OCGA § 17-14-10 (a),

> including the defendant's present financial resources, [his] earnings and other income, and any financial obligations [he] might have. It is the defendant's burden to prove these factors by a preponderance of the evidence during the restitution hearing, and the defendant may forego presenting such evidence. In this case, [Wilson] presented no such evidence, and accordingly, [he] did not shoulder [his] burden of proof. Although the trial court did not make findings on the record as to [Wilson's] financial situation, we have held that it is unnecessary to require the ordering authority to make a finding on each factor. On appeal from a restitution award, this [c]ourt has the duty of reviewing the transcript to determine whether each party has met [the party's] specified burden and determine whether a restitution award was supported by the preponderance of the evidence.

*Tobias v. State*, 319 Ga. App. 320, 329-330 (5) (735 SE2d 113) (2012) (citations and punctuation omitted).

Here, the state met its burden of proving the victim's loss by presenting evidence of the amount the victim had paid Wilson and the value of the work Wilson

had completed. Wilson presented no evidence as to his financial circumstances or his ability to pay. Given his failure to meet his burden, Wilson has not shown that the trial court erred. See *Edwards v. State*, 301 Ga. 822, 826 (2) (804 SE2d 404) (2017) (absent evidence of error, we presume trial courts follow the law).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.